JOHN WILLIAM JAMES, APPELLANT, v. HARRY KREBECK ET AL., APPELLEES.

2 N. W. (2d) 629

FILED FEBRUARY 27, 1942. No. 31198.

*M. S. McDuffee* and *Elmer C. Rakow,* for appellant.

*Jackson & Rice, Matzke & Bek* and *Ralph M. Kryger, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover $21,000 for personal injuries alleged to have been suffered by plaintiff in a collision between two automobiles, each operated on a public highway by one of two defendants.

John William James, plaintiff, a minor 19 years of age at the time of the collision, brought the action by his mother and next friend, Sarah James. The defendants are Harry Krebeck and Hollis Wright, each an owner and driver of a car in the collision.

Plaintiff was a gratuitous guest of Wright in the front seat of the latter's Ford automobile. Krebeck drove a 1937 Buick. Plaintiff pleaded in his petition that the collision and his resulting injuries were caused by the gross negligence of Wright and the negligence of Krebeck. Each defendant denied the negligence imputed to him by plaintiff.

After plaintiff adduced his evidence at the trial, the district court sustained a motion by defendant Wright to direct a nonsuit as to him on the ground that the evidence was insufficient to sustain a verdict for plaintiff on the issue of gross negligence essential to a recovery by him as a guest. With Wright thus released from liability for gross negligence, the trial proceeded against Krebeck for alleged negligence on his part and for resulting injuries to plaintiff. The cause was submitted to the jury and from judgment on a verdict in favor of defendant Krebeck the action was dismissed. Plaintiff appealed.

It is argued on appeal that the evidence is sufficient to prove gross negligence of Wright and resulting injury to plaintiff and that the peremptory instruction is erroneous and prejudicial. Is this position well taken? The pertinent statute provides that an unintoxicated owner or operator of a motor vehicle shall not be liable for damage to an invited, gratuitous guest riding therein, unless caused by the gross negligence of such owner or operator. Comp. St. Supp. 1941, sec. 39-1129. As used in the statute the term "gross negligence" means a degree of negligence greater than want of ordinary care or of slight negligence but not necessarily extending to wanton or wilful or intentional disregard for the guest's safety. *Gilbert v. Bryant,* 125 Neb. 731, 251 N. W. 823; *Sterns v. Hellerich,* 130 Neb. 251, 264 N. W. 677; *Kovar v. Beckius,* 133 Neb. 487, 275 N. W. 670.

Under the automobile guest law the issue of gross negligence must be determined from the facts and circumstances of each case and must be submitted to the jury, where the pleadings and proofs are sufficient to support a verdict in favor of plaintiff. *Gilbert v. Bryant,* 125 Neb. 731, 251 N. W. 823.

In reviewing a peremptory instruction for defendant in an action for damages, issuable facts which the evidence in favor of plaintiff tends to prove, will be regarded as established and proper inferences from such evidence will also be considered. *Rogers v. Brown,* 129 Neb. 9, 260 N. W. 794.

Some of the undisputed facts shown by the record are: The Ford car driven by defendant Wright collided with the Buick car driven by defendant Krebeck on highway 275 about a mile and a half east of Meadow Grove shortly before noon May 1, 1940. The highway runs east from Meadow Grove, but there is a wide "S" curve further east than the point of collision. Wright was going east and Krebeck west. The highway was a good, smooth, practically level, oil mat pavement 24 feet wide with a white stripe on the median line and six-foot shoulders. Krebeck came out of the curve from the east and was on the straight highway at the time of the impact, while Wright was approaching the curve from the west. The cars came together on or near the white stripe in the center line of the highway a few feet from a curve sign by the roadside. Plaintiff was severely injured.

There is also evidence sufficient to prove the following facts: The curve was in a level valley where the highway was three or four feet above the general surface of adjacent land. The weather was fair and vision unobstructed. The motorists could see each other approaching for several hundred feet. Each turned his car to the left, or wrong side of the road, before the cars collided. When the cars came to rest the Ford was on a fence along the north side of the road and the Buick was upside down with part of it on the wrong side of the white stripe. Burnt rubber wheel marks showed that before the cars collided a portion of each

had been on the wrong side of the median line. The motorists approached each other at 45 or 50 miles an hour without slackening speed. There was no other traffic at the time and place to confuse or handicap the drivers.

The foregoing statements are not narrations of facts which the court finds upon review, but are recited as facts which the evidence on behalf of plaintiff tends to prove or as reasonable and logical inferences from such facts for consideration in testing the peremptory instruction. It is a fair inference that both drivers turned to the left when a slight turn by either to the right would have prevented the collision. There is nothing to show that either car left the pavement before the crash. It may fairly be inferred also that each defendant could have passed the other in safety on his own side of the white stripe or on the six-foot shoulder. The road law provides:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible." Comp. St. Supp. 1941, sec. 39-1141.

This is a well-known general law essential to safety on the highways. Instead of obeying it and assuming that the driver of the Buick would do likewise in time to prevent a collision, Wright, though observing the approaching Buick at a considerable distance, did not turn to the right, or slacken his speed or seek safety on his own side of the road, or on the shoulder thereof, but turned to the left in front of the on-coming, fast-moving Buick and contributed to, or caused, the collision. His conduct, considered in all its features, under the circumstances shown, evidenced a degree of negligence greater than want of ordinary care and greater than slight negligence, and amounted to evidence of gross negligence for the consideration of the jury. By creating or contributing to an emergency in which he did not pursue the safer of two courses, he did not thus escape liability for the consequences of his own gross negligence. *Thompson v. Edler,* 138 Neb. 179, 292 N. W. 236. There was evidence of a strong wind at the time of the collision, but there is noth-

ing in the record to show it obscured vision or prevented safe motoring on the highway.

Contributory negligence of plaintiff in failing to warn Wright of danger, though pleaded as a defense, was not proved when the verdict in the latter's favor was directed. On the contrary, it was then shown by the evidence that Wright had a clear view of the highway ahead of him, saw the Buick car approaching and remarked to his guest, the plaintiff: "Look at that car," and "wondered if it was ever going to get over." Since Wright had the entire situation in view and under consideration, the law did not impose upon his guest the duty to give warning of a danger already known to the driver. On the record for review it is clearly shown that the trial court erred to the prejudice of plaintiff in directing a verdict for Wright.

The evidence tends to prove that Krebeck saw, or could have seen, the Ford car approaching at a distance of several hundred feet when he came out of the curve; that he was driving between 45 and 50 miles an hour; that he did not slacken speed; that he turned his car to the left in violation of law; that part of his car was on the wrong side of the white stripe at the time of the impact; that he could have avoided the collision by obeying the law and turning to the right; that he was guilty of negligence similar to that imputable to Wright. The verdict and the judgment in favor of Krebeck were therefore clearly wrong. It follows that the dismissal in favor of each defendant is reversed and the cause remanded for further proceedings.

REVERSED.