No. 13,203.

BOLTZ *v.* BONNER.
(35 P. [2d] 1015)

Decided September 10, 1934.

Mr. WALDO RIFFENBURG, Mr. WM. A. BRYANS III, Mr. CONRAD L. BALL, for plaintiff in error.

Mr. FANCHER SARCHET, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

MARGARET S. Boltz is the sole plaintiff in error in each of three cases arising out of the same accident. In each of these cases, a verdict was rendered against her and her daughter, Wilma Boltz, and one Nimon Shpall as

joint defendants. In one case (No. 13,203) the verdict was in favor of the defendant in error Grace Bonner, in another (No. 13,204) it was in favor of her husband John W. Bonner, and in the third (No. 13,205) it was in favor of her minor son Jack, the respective verdicts being for different sums. The three cases were consolidated for trial in the district court, and, though having separate transcripts of the record, are here for review upon the same bill of exceptions, assignments of error, abstract of the record, and briefs. Inasmuch as the questions in all three cases are identical, this opinion (in No. 13,203) will deal with them as if they were a single case, and we shall speak of Mrs. Bonner as if she had been the sole plaintiff.

The complaint alleged that on June 29, 1931, in Larimer county, at a point on the paved highway about five miles south of the city of Fort Collins, while plaintiff was riding in an automobile then being driven by her husband along said highway, she received serious and permanent personal injuries which were directly caused by the negligence of the defendants and each of them to the damage of the plaintiff in a stated sum; that all the defendants except Mrs. Boltz and her daughter (those defendants including Nimon Shpall and five others named) were engaged in the junk business and were the owners of a Ford pick-up automobile, and were also the owners of an old Chevrolet truck, and were moving the truck from Fort Collins to some point south thereof by means of fastening it to the Ford by a tow-chain, and pulling it behind the Ford; that the Ford was being driven by Nimon Shpall, and the Chevrolet truck was being steered by one Louis Armstrong, who was an employee and servant of all the defendants except the Boltzes; that plaintiff's husband was driving an automobile in a northerly direction along the highway in a careful and lawful manner and was accompanied by plaintiff and her five-year-old son, when the Chevrolet truck ran into the Bonner car, overturned it and injured the plaintiff; that defend-

ant Nimon Shpall was driving the Ford with negligence (described in detail); *"that the defendant Margaret S. Boltz* [the plaintiff in error] *is the owner of a Studebaker automobile, which at said time and place was being driven by and was under the sole control of the defendant Wilma Boltz, a daughter of the defendant Margaret S. Boltz, by and with the consent of the defendant Margaret S. Boltz";* that, just before the Chevrolet truck ran into the Bonner car, the defendant Wilma Boltz was driving the Studebaker north on the highway and was approaching the Bonner car from the rear at a fast rate of speed, and, when the Ford was a few feet north of the Bonner car, Wilma, having then reached a point a few feet in the rear of the Bonner car, negligently and carelessly turned the Studebaker to the left, and negligently and carelessly drove it diagonally across the paving to the left and to the west and off the highway, thereby contributing to, participating in, and concurring with the negligence of said defendant Nimon Shpall and of said Louis Armstrong; that Wilma carelessly and negligently drove the Studebaker on the wrong or west side of the highway; that the Studebaker was not equipped with proper or lawful brakes; that the negligence of Wilma was the negligence of, and should be imputed, to the defendant Margaret S. Boltz.

A motion to strike was filed by the defendants Wilma and Margaret S. Boltz and denied; but what the motion was is not disclosed by the abstract.

The separate answer of the Boltzes was filed. In it they admitted the allegations of negligence made against the other defendants and admitted all other allegations of fact in the complaint except those alleging negligence against themselves, which they denied, and those particularly describing plaintiff's injuries, to which they interposed the code denial grounded upon lack of sufficient knowledge or information upon which to base a belief. The Boltzes further alleged affirmatively that Wilma was operating the Studebaker in a careful and prudent man-

ner; that Wilma is and at all times was a careful, prudent and experienced driver; that, just after the time the Chevrolet truck ran into the Bonner car, Wilma swerved and drove the Studebaker to the left and around and free of the Ford and the Bonner car to avoid striking the Bonner car, the Ford, and the truck; that prior to the collision the defendant Nimon Shpall suddenly applied his Ford brakes in order to slow down over a rough portion of pavement and that the Chevrolet was not equipped with brakes and, in order to avoid striking the Ford driven by said Shpall, said Armstrong swerved and drove the truck on the pavement toward his left, directly in the line of travel of the plaintiff, and that the latter's injuries, if any, were a direct and proximate result of the negligence of the said Shpall and Armstrong.

The replication denied the Boltzes' allegations of new matter and reiterated that the collision was caused or contributed to by each defendant in his separate and ununited but concurrent acts of negligence.

On behalf of the plaintiff in error, three propositions are laid down by counsel as epitomizing the contentions made by them in favor of reversal. The first proposition relied upon is that neither the pleadings nor the proof establishes any cause of action against the plaintiff in error Margaret S. Boltz under the ''family purpose doctrine'' or otherwise; the second proposition is that it was prejudicial error to admit certain testimony regarding liability insurance; the third is that the facts do not show any negligence of the plaintiff in error's daughter Wilma to have been the proximate cause of injury, nor Wilma to have been guilty of negligence.

1. Does the case come fairly within the family car doctrine? We think it does. Counsel insisted at the trial that the pleadings did not justify evidence bearing on the question of whether the Studebaker was really a ''family car.'' Notwithstanding this objection, Mrs. Boltz was placed upon the witness stand by the plaintiff for statutory cross-examination along the line indicated.

The complaint, as appears from our statement of it above, and particularly from the passage we have there quoted and italicized, is perhaps properly subject to some criticism. However, the trial court saw fit to let the evidence in and refused to eliminate it on motion to strike. Undoubtedly the trial judge and counsel for both sides realized that Mrs. Boltz could be held—if held at all—only on the theory that the family car doctrine applies. *Hutchins v. Haffner*, 63 Colo. 365, 167 Pac. 966; *Boyd v. Close*, 82 Colo. 150, 257 Pac. 1079. The admission of the evidence referred to would have been improper on any other theory. Mrs. Boltz filed no motion to make the complaint more specific, nor did she interpose any special demurrer with a view to requiring greater definiteness, or a general demurrer to test the sufficiency of the alleged cause of action as against herself. All parties were aware that, though she was the owner of the car driven by her daughter, she herself was not present at the accident. No attack was made upon the complaint until the trial court had begun to take evidence. While a defendant has the right to raise at any time the objection that a complaint does not state facts sufficient to constitute a cause of action, nevertheless the longer this objection is delayed the less favorably should it be viewed by a trial court. Every reasonable inference and intendment must be given in favor of a pleading thus tardily assailed. In the circumstances of this case we approve the admission of the evidence in question. It is true that the trial court declined to permit plaintiff to amend her complaint in conformity with the proof. This ruling came in response to an objection made by Mrs. Boltz's counsel. It may well be explained as indicating that the family car doctrine was deemed by the trial court to be sufficiently presented by the unamended complaint. The claim against Mrs. Boltz admittedly depends altogether on the family car doctrine. Had it not been for the objection by counsel for Mrs. Boltz, the trial court might well have granted the plaintiff leave to amend her complaint and thus to

let it come more decisively within the family car doctrine. We cannot permit technical rules to render a pleading defective where, as here, the attempt of the pleader to constitute the pleading more accurate and complete is frustrated at the instance of the one objecting. We therefore think that in this state of the record the complaint, though not a model one, is legally sufficient for the purposes of the case.

■ Counsel complain that the issue as to whether the family car doctrine applies here was not submitted to the jury as a question of fact. According to the record the trial court assumed that the doctrine does apply to the facts herein. One of the instructions in effect directed the jury to find against Mrs. Boltz if they should find against her daughter Wilma. This we believe was proper. True, when Mrs. Boltz was first asked whether her car was used as a family car, she answered in the negative. She then stated that the daughter Wilma drove the car only when given permission to drive it. But Mrs. Boltz thereupon testified that the car "is for our own pleasure," hers and Wilma's. Asked whether the car was bought to use for Wilma's pleasure as well as her own, she said: "Well, I permitted her to use it when she asked me for it, and when it suited me to let her have it * * * for her own pleasure." This and all other of Mrs. Boltz's testimony showed clearly, without contradiction, that her car was at Wilma's disposal whenever Wilmas' proposed use did not interfere with Mrs. Boltz's own requirements. It was a family car within the principle laid down in *Hutchins v. Haffner, supra,* and *Boyd v. Close, supra.* The trial court was right in treating the Boltz car as a family car without submitting to the jury an issue in reference thereto. It follows that the incidental rulings, including among others the refusal to strike Mrs. Boltz's testimony, the denial of the motion for a nonsuit, and the giving of the aforesaid instruction, were also correct.

■ 2. Was it prejudicial error to admit evidence

"regarding liability insurance?" The insurance testified to was obviously insurance with which neither Mrs. Boltz nor Wilma had any connection. It related wholly to the other defendants. Furthermore, the evidence was elicited from the defendant Nimon Shpall under statutory cross-examination. It was plainly for the purpose alone of trying, by statements alleged to have been made in an insurance application of Nimon Shpall, to establish a partnership among the Shpalls so as to charge all these with liability in the event that there was a recovery against any one of them. The interrogation by plaintiff's counsel was not objectionable. Besides, if any error had been committed, it would have been committed against the defendant Nimon Shpall, who is not here to object to the judgment that went against him. There was in counsel's questions not even a suggestion that the insurance was automobile insurance. From the standpoint of the Shpalls, such a suggestion or statement might have been reversible error. However, no error could thereby have been committed against Mrs. Boltz. She cannot complain. This is doubly true because Mrs. Boltz neither made objection nor saved exception to the testimony.

3. Does the evidence establish negligence on the part of Mrs. Boltz's daughter Wilma, and was such negligence the proximate cause of the plaintiff's injuries? To Mrs. Boltz this question is of course a vital one, since we have above decided that under the present record Mrs. Boltz was guilty of negligence if Wilma was properly found to be so. The evidence introduced by the Boltzes supported their contention that Wilma Boltz swerved after the collision, while other evidence tended to prove the plaintiff's charge that the swerving came before the collision and was the cause of it. The jury heard all the evidence adduced on behalf of the various parties. There was a substantial conflict in the testimony, and the jury resolved it against Mrs. Boltz. No prejudicial error in the admission or rejection of evidence or in the in-

structions has been called to our attention. The jury's determination of the facts as establishing liability for negligence in Wilma is therefore binding upon this court.

For the reasons above stated the judgment must be affirmed.

Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF. JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.