## No. 17,360.

THOMAS, POTENTATE ET AL. *v.* DUNNE.

(279 P. [2d] 427)

Decided January 17, 1955. Rehearing denied February 7, 1955.

Messrs. FOARD, FOARD & McCARTY, for plaintiffs in error.

Mr. FILLMORE S. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiffs in error were defendants.

The action was brought by plaintiff against the eleven individual defendants as members of Al Kaly Temple, an unincorporated association, and against the organization "in its common name," to recover damages for injuries allegedly sustained by plaintiff resulting from treatment to which he was subjected while being initiated into membership in said association.

Trial to a jury resulted in judgment in favor of plaintiff against all defendants in the sum of $33,918.00, and they bring the cause to this Court by writ of error, seeking reversal of the judgment.

Under the pleadings in the case, and the theory under which it was tried and submitted to the jury, the judgment would be capable of enforcement against all members of Al Kaly Temple, a unit chartered by the organization commonly known throughout the country as the Shrine. According to the testimony there were 1753 members of Al Kaly Temple as of the date of the trial. This evidence was given long after the occurrence of the acts of which plaintiff complained, and there is nothing to indicate how many persons were members on June 9, 1951, the date upon which plaintiff alleges that he was injured by defendants. There is nothing in the record in this case to identify the persons who are subjected to liability as members of the Temple in this action brought against eleven individuals under the doctrine of "virtual

representation" by the named defendants for the entire membership.

The complaint of plaintiff contains, inter alia, the following allegations:

"Plaintiff brings this action against said defendant officers and members of said unincorporated association, as representatives of all of the members of said association, whose members constitute a class so numerous as to make it impractical to bring all of them before the Court; and that this action constitutes a class action against said defendants as representatives of all the members of said unincorporated association; and involves the enforcement of a right against said class which is common to and against all members of said class.

\* \* \*

"That at said meeting plaintiff was required by the duly authorized agents of said Al Kaly Temple to dress in a thin pajama type material, in his stocking feet; and after attiring himself in such manner, plaintiff was instructed by the duly authorized agents of said Al Kaly Temple to sit on a bench located upon the floor of said Memorial Hall in front of the assembled members of Al Kaly Temple, and to thereafter watch the proceedings of the meeting; that plaintiff, pursuant to the instructions of said duly authorized agents, sat upon said bench with the intention of watching the proceedings, and thereupon, the duly authorized officers and agents of said Al Kaly Temple carelessly, negligently, recklessly and intentionally caused a heavy electric current to pass through said bench and severely shock plaintiff, causing plaintiff to fall over backwards upon the floor and to strike his neck, shoulder and body against said floor;

\* \* \*

"That this action is brought for the purpose of obtaining a judgment against the defendants as representatives of said class, and particularly as representatives of all

members of Al Kaly Temple, an unincorporated association * * *."

Plaintiff alleged that he suffered a herniated cervical disc in the vertebrae of his neck, resulting in surgery, continued suffering, and permanent injury. The prayer of the complaint is for the sum of $50,000.00 plus costs, "against the individual representative defendants named herein, and against all members of Al Kaly Temple, an unincorporated association; and further that said judgment shall be binding upon all of the property, choses in action, money and other assets of said Al Kaly Temple; and also judgment for said sum against the defendant Al Kaly Temple, an unincorporated association, in its common name, in accordance with Rule 17 of the Rules of Civil Procedure of the State of Colorado."

Defendants urge six grounds for reversal of the judgment, the essence of which is as follows:

1. The section of the ceremonies in which plaintiff was injured was the frivolous or fun part, in which candidates put on a show for the entertainment of the members, and at the time thereof the ritualistic portion of the initiation had been completed and plaintiff already declared a member, and it was not necessary for him to take part in the "fun" section.

2. Plaintiff was not compelled by anyone to take part in the "fun" section; voluntarily assumed the risk of injury; and was not entitled to recover damages on account of any injuries sustained.

3. The trial court erred in refusing to grant defendants' motion to dismiss, in which it was alleged that the complaint failed to state a cause of action against the named defendants; that no proper persons were named as defendants; that there was no such association as that named as defendant; that the descriptions given defendants individually named had no significance or meaning; and that the trial court erred in permitting counsel for plaintiff to strike the words "Ancient Arabic Order

Nobles of the Mystic Shrine, of Pueblo, Colorado," from the name of defendant association.

4. That the court erred in not instructing the jury to disregard a statement made by a witness concerning the payment of $500.00 to plaintiff by an insurance company, even though no objection was made to the statement and no request was made upon the court for any such instruction to the jury.

5. That the judgment awarded Dunne was excessive and unreasonable.

6. The court committed error in refusing to give tendered instructions, and in giving instructions to which defendants objected.

We reduce the controversy to pertinent inquiries, the answer to which resolve the issues, without reference to the specific headings under which counsel for defendants have summarized their argument.

### Questions to be Determined.

First: *Under the record in this action, and the law applicable thereto, can the judgment be sustained in so far as it relates to the individual defendants named in the complaint, or purports to subject all members of Al Kaly Temple to liability for payment thereof?*

██ This question is answered in the negative. We will first discuss the basis of our holding that the judgment entered against the persons named as defendants is void. They filed a motion to dismiss and one of the grounds of the motion was that the complaint failed to state a "cause of action" against them. Although this ground was not set forth in strict compliance with the Rules of Civil Procedure, we deem it sufficient to place in issue, as a matter of law, the sufficiency of the complaint to entitle plaintiff to any relief against the individual persons named as defendants. It is nowhere alleged in the complaint that any particular defendant took an active part in the "fun" portion of the ceremonies which resulted in the injuries to plaintiff. There is no allegation that any one of the defendants aided or abetted,

advised or encouraged the performance of the acts which caused the alleged injuries.

Plaintiff alleged that he was required "by *the duly authorized agents* of said Al Kaly Temple" and that he "was instructed by *the duly authorized agents* of said Al Kaly Temple," to place himself in a position from which he was subjected to a charge of electricity by "*the duly authorized officers and agents* of said Al Kaly Temple." The concluding clause of the allegations bearing upon the identity of those who inflicted injury upon plaintiff is in the following language: "The *duly authorized officers and agents* of said Al Kaly Temple carelessly, negligently, recklessly and intentionally caused a heavy electric current to pass through said bench and severely shock plaintiff * * *." (Emphasis supplied.)

There is no allegation in the complaint that any of the named defendants were Al Kaly Temple's "authorized officers and agents" who committed the tort of which complaint is made. The only allegation appearing in the complaint, which it is claimed is sufficient to fix liability upon every member of the organzation, is the charge that the named defendants were members of the Temple, or presently held, or at some time in the past had held, an office in the association.

It is abundantly clear that the action was filed against defendants as representatives of the class consisting of the entire membership, and that no relief was sought against any of those named on account of active participation by them in the commission of the tort of which complaint is made. It further is abundantly clear that no relief was sought against any person named as defendant which was not sought with like effect against every member of the association. The case was tried wholly upon the theory that every member of the Temple was "virtually represented" by those members who were named. Under this state of the record no valid claim authorizing relief against the individual defend-

ants was alleged in the complaint, unless the action was maintainable as a class action.

■ We now consider whether the judgment can be sustained as one entered against all members of a class "virtually represented" by a few who admittedly were members. Careful analysis of the law of Colorado is essential to a correct determination of the problem. General statements of broad principles taken from the works of text writers are not helpful when the pertinent statutory provisions, Rules of Civil Procedure, and decisions of our Court are carefully considered. We must start with the basic fundamental that, at common law, an unincorporated association of persons had no capacity to sue or be sued in any character other than as partners in whatever was done, and it was necessary for such an association to sue or defend in the names of its members, and liability had to be enforced against each member. *United Mine Workers of America v. Coronado Coal Co.,* 259 U. S. 344, 42 Sup. Ct. 570, 66 Law. Ed. 975, and cases there cited.

The growth of large unincorporated associations of many different kinds, and the necessities arising therefrom, at an early date called for legal recognition of such associations as entities possessed of capacity to sue, and be sued, in their common name. The rule of the common law was changed by statute and our legislature in 1887 adopted an Act accomplishing this purpose, in so far as capacity to be sued was concerned. It took form as chapter 1, § 14, Code of Civil Procedure and is as follows:

"When two or more persons, associated in any business, transact such business under a common name, where it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; *but the judgment in such cases shall bind only the joint property of the associates and the separate property of the party served.*" (Emphasis supplied)

April 6, 1941, the Rules of Civil Procedure became effective; Rule 17 thereof purported to make a significant change in the liability which might be adjudicated; and the rights which might be enforced by suits filed against, as well as by, associations identified by their "common name" only. Rule 17 (b) R.C.P. Colo., provides, inter alia: "A partnership or other unincorporated association may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right." Thus by a rule of court the limitations upon the binding effect of any judgment which might be entered against an association, which were included in the code provision, are omitted. The legislative code provision gave no right to an unincorporated association to bring an action in its common name, and provided only for the use of such a name as a party defendant. The rule of court purported to create a new right not theretofore recognized in the law, and authorized the bringing of an action in the common name of the association.

The question as to whether the creation of substantive rights was contemplated in the adoption of Rule 17 (b), R.C.P. Colo., was commented upon in the case of *Ivanhoe Grand Lodge v. Most Worshipful Grand Lodge,* 126 Colo. 515, 251 P. (2d) 1085, as follows:

"On petition for rehearing counsel for the first time seeks to rely on rule 17(C) (b), R.C.P. Colo., * * *.

"A rule such as our rule 17, supra, must be held either to create an artificial entity of a partnership or unincorporated association or to permit existing entities to bring suit in an artificial name. If rule 17, supra, is held to be one creating a legal entity capable of suing or being sued, *it is performing a legislative, rather than a judicial, function, and the rule would, therefore, be beyond the power of the court."* (Emphasis supplied.)

The act of the legislature authorizing the Supreme Court to prescribe general rules governing "the practice and procedure in civil actions" specifically provided that, "Such rules shall neither abridge, enlarge, nor modify

the substantive rights of any litigants." (Chapter 80, section 1, Session Laws of Colorado, 1939.)

■ It manifestly follows that this Court was without power, by rule of court, to remove those limitations upon the effect of judgments entered against unincorporated associations in their common name, which were placed in the law by Act of the legislature. The provisions of the law which govern in this action against the association are contained in section 14, Code of Civil Procedure, because Rule 17, R.C.P. Colo., is wholly ineffective to change or modify the protections provided defendants by that code provision. The modifications which were attempted by Rule 17 unquestionably would "abridge," "enlarge," or "modify," substantive rights of litigants and thus the Court had no power to give them legal effect. This action arose prior to the adoption of chapter 63, Session Laws of Colorado 1953, and particularly section 5 thereof, and we express no opinion concerning the effect of the adoption of that Act.

The question then arises as to whether the unnamed members of the Temple, and those who are made defendants, can be held accountable under the provisions of Rule 23, R.C.P. Colo., which provides, inter alia:

"If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; * * *."

■ We are satisfied that under this rule, in order to qualify persons as members of a class, there must be some status or relationship in common between them which arises out of circumstances other than that of conducting business under a common name as an un-

30

incorporated association. If an action is brought against an unincorporated association, the extent of liability of the organization and that of the persons constituting it is exclusively controlled by section 14, Code of Civil Procedure. This code provision expressly prohibits the granting of the general type of relief provided for by procedures authorized under rule 23, R.C.P. Colo., and accordingly we hold that, members who make up an unincorporated association do not, by the bare fact of common membership, constitute a "class" within the meaning of said rule. To constitute an interest that is "joint or common" there must be something beyond mutual membership in an unincorporated association.

Lastly, in this connection, we consider the question as to whether the doctrine of "virtual representation" is applicable to actions ex delicto for the recovery of damages arising from negligent conduct of particular individuals, as distinguished from actions ex contractu. We fail to find any reason in logic, justice or just plain common sense why any such rule should be adopted in this jurisdiction. We cannot subscribe to the proposition that one who becomes a member of an unincorporated association such as a fraternal organization, a veterans organization, or any one of numerous other societies which might be mentioned, subjects himself to liability for injuries sustained in ceremonies held under the auspices of that organization, in the absence of any allegation in the complaint against him that he took an active part in the act resulting in the injury or in some manner had knowledge of the proposed initiation rites or "stunts" to be employed and gave assent or encouragement to the use thereof.

The unincorporated association under whose auspices the activity is held, is answerable to the full extent of the assets held by the organization, as provided by section 14 of the Code of Civil Procedure for injuries sustained as a result of negligence of any of its representatives in connection with ceremonies sponsored by the

organization. If a plaintiff seeks relief from an individual defendant in a tort action, in excess of the property or rights owned, held, possessed or exercised by the unincorporated association in its common name, then that person, to be held accountable, must be actively connected with the commission of the negligent act, both by allegation of negligence on his part and proof thereof upon the trial. No such allegation can be found in the complaint in the case at bar.

For the foregoing reasons the trial court erred in refusing to dismiss the complaint as to all defendants save and except defendant Al Kaly Temple.

Second: *Must the judgment entered against Al Kaly Temple be reversed for the reason that the negligent conduct of its agents occurred after the ritualistic portion of the initiation had been completed, and after plaintiff had been proclaimed a member of the Temple?*

This question is answered in the negative. The evidence establishes that the part of the initiation in which plaintiff was injured was not part of the ritualistic work, and that he was declared to be a member of Al Kaly Temple before the "horseplay" section began. It is argued that he cannot recover for his injuries because at the time they were sustained he himself was a member of the association. We find no merit in this argument. The association is liable for the negligence of its agents in carrying on the program which resulted in injury to plaintiff. All of the "stunts" indulged in that ceremony were authorized by the Temple and the equipment used in applying the charge of electricity to plaintiff was owned by it. In the instant case, the fact that the ritualistic part of the work had been concluded, does not relieve the Temple from responsibility for negligence in the other part of the ceremonies which unquestionably was carried on under its sponsorship and authority.

Third: *Must we say as a matter of law that plaintiff should be denied recovery against the association for*

*the reason that he voluntarily assumed the risk involved in exposing himself to a known danger?*

This question is answered in the negative. The evidence which was offered upon the question as to whether plaintiff "assumed the risk" was conflicting. Several witnesses stated that all initiates were informed that "some electricity" would be used, and that they didn't have to take it. Plaintiff and other initiates denied receiving any such information. We doubt that there was sufficient testimony supporting the defense of assumption of risk to warrant the submission of that issue to the jury. It was, however, submitted under proper instructions concerning the law. Error, if any, was committed in favor of defendants. It cannot be said as a matter of law that the evidence supporting the defense of assumption of risk was such as to require a directed verdict on that issue.

■ Fourth: *Must the judgment against Al Kaly Temple be reversed because of a statement, relating to the payment of $500.00 to plaintiff by an insurance company, which was volunteered on cross examination by a witness who formerly was the presiding officer of the Temple?*

This question is answered in the negative. On cross examination of defendant G. R. Hanson the following testimony was given: "Q. Now, do you know how much has been paid to Mr. Dunne on account of injuries to date? He is not clear on that and I would like to establish the amount if I can. A. I am sure that he was paid the full amount of $500.00 by the United States Fidelity and Guaranty Company which was the limit payable under the medical payments provision under the policy that covers the Temple. Q. Now, understand, Mr. Hanson, I didn't ask you to volunteer that it was paid by the United States Fidelity. You say he was actually paid four or $500.00? A. Yes." No objection was made to any of this testimony which was placed before the jury by the voluntary statement of one of the defendants.

In *Boltz v. Bonner,* 95 Colo. 350, 35 P. (2d) 1015, it was argued that error was committed by the admission in evidence of statements relating to insurance. This Court in that case held that the party claiming error, one Mrs. Boltz, was not prejudiced by the evidence. We quote the following from the opinion in that case: "However, no error could thereby have been committed against Mrs. Boltz. She cannot complain. This is doubly true because Mrs. Boltz neither made objection nor saved exception to the testimony."

Fifth: *Must the judgment against Al Kaly Temple be reversed for the reason that the amount of damages awarded by the jury is unreasonable and excessive?*

This question is answered in the negative. We believe that under all the evidence in this case the Court would be usurping the function of the jury if we were to disturb its findings on the question of the amount of damages to be awarded plaintiff.

In *Denver and Salt Lake Railway Co. v. Granier,* 104 Colo. 131, 89 P. (2d) 245, the Court, in answer to a contention that an award of damages was excessive, said: "There is nothing in the record from which we may presume that there was any influence of passion or prejudice. 'Passion and prejudice will not be presumed to have influenced the minds of the jurors.' 4 C. J. 774. The trial court, hearing all of the testimony, had an opportunity to exercise its discretion in ruling on the motion for a new trial and it rejected this contention." The foregoing quotation is applicable to the instant case.

We have considered the instructions tendered by defendants and refused by the trial court, as well as the objections made by defendants' counsel to those given by the court, and we find no error which would be prejudicial to defendants.

The judgment is reversed as to that part thereof entered against individual defendants, named or unnamed, and we direct that as to said defendants the action be

34

dismissed. The judgment, as to Al Kaly Temple, an unincorporated association, is affirmed.

Mr. Justice Bradfield concurs in this opinion in all respects, save and except that he believes the verdict of the jury and the judgment of the court entered thereon is excessive, evidencing prejudice, and that a new trial should be ordered as to the defendant Al Kaly Temple for determination of the amount of damages sustained by plaintiff.