## No. 19,161.

DAVE SCHLEDEWITZ *v.* THE CONSUMERS OIL COOPERATIVE, INC.; *v.* RICHARD SMOCK; *v.* RALPH SCHLEDEWITZ.

(357 P. [2d] 63)

Decided November 28, 1960.   Rehearing denied December 19, 1960.

Messrs. HOUTCHENS & HOUTCHENS, for plaintiff in error.

Messrs. CLAYTON & GILBERT, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THE facts are not here in dispute. In 1956 an automobile owned by plaintiff in error Dave Schledewitz and driven by his son Ralph was involved in an accident with a semi-trailer and tractor truck owned by defendant in error, Consumers Oil Cooperative, Inc., hereinafter referred to as Consumers, and driven by defendant in error, Richard Smock. Ralph, a minor of eighteen years of age, was driving the car with the permission of his father. He was accompanied by his sister, Ralphina, also a minor. Members of the Schledewitz family are hereinafter referred to by their first or given names. Ralph and Ralphina both suffered personal injuries in the accident, and the family car was demolished. The truck tractor was also damaged and part of the cargo was destroyed.

In 1957, pursuant to permission granted by the County Court of Weld County, Colorado, Dave, as guardian of the estates of his minor children Ralph and Ralphina, settled the personal injury claims that the children might have against Consumers as a result of the accident, for the sum of $1600.00. Pursuant to the settlement agreement, Dave executed a release of such claims, which was approved by the court. The terms of this release are reproduced in a subsequent portion of this opinion, and we here note only the fact that it was executed by the father solely in his representative capacity

as guardian of the children, specifically excluding from its provisions the right to recover for property damage.

Later in 1957 Consumers commenced the instant action seeking compensation for damages to the truck tractor and cargo. Dave Schledewitz, the only defendant named in the complaint, alleged in his answer as a second affirmative defense that the release in question also served to release him, the father, from any liability that he might incur as a result of the injuries sustained in the accident by Consumers. The trial court subsequently granted Consumers' motion to strike this second affirmative defense. It also granted Dave's motion to bring in his son as a fourth party defendant. Richard Smock, the driver of the Consumers' truck, had been joined earlier by a third party complaint. Dave then filed a fourth party complaint praying that any judgment that might be entered against him be made the joint obligation of both father and son, and, in any event, that the court require contribution from his son for any such damages. Ralph answered the fourth party complaint, alleging as an affirmative defense that he was not liable to either Consumers or his father by virtue of the release previously executed on his behalf.

Trial was to the court, which entered judgment for Consumers against Dave in the amount of $4,928.26, and dismissed the third and fourth party complaints. In so ruling, the court made findings that the accident occurred through the negligence of Ralph and that the release had no bearing on the case.

Two errors are urged to this court: 1. that the trial court erred in dismissing the affirmative defense of bar by virtue of the release, and 2. that the court erred in dismissing the fourth party complaint against the son, Ralph.

The answer to these allegations depends in part upon the terms of the release, which provide as follows:

*"RELEASE*

"For and in consideration of the payment to the Es-

tates of Ralph Schledewitz and Ralphina Schledewitz, Minors, County Court Weld County, Colorado, this date, of the aggregate sum of SIXTEEN HUNDRED AND NO/100 ($1,600.00) DOLLARS, the receipt of which by check or draft is hereby acknowledged, the undersigned, Dave Schledewitz, the duly appointed, qualified and acting Guardian of each of the said minors, one-half thereof for each minor, pursuant to authority in him so to do by Court order this date, for and on behalf of each of said minors, does hereby release, acquit and forever discharge Consumers Oil Company, Greeley, Colorado, its successors and assigns, from any and all actions, causes of action, claims, demands, damages, costs and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries, all types of medical expenses, and pain and suffering, resulting or to result from an accident that occurred on or about the 10th day of June, 1956, at or near 4 & 1/10 miles south of junction U. S. Route 85 and Colorado Route 256 and 9/10ths miles North of U. S. 85 and Colorado 60, at about 11:40 P.M., for and on behalf of the estates of each of said minors, but without prejudice on the part of Dave Schledewitz, personally, the owner of the Buick automobile in which the said minors were then and there riding, to institute and maintain an action for the recovery of damages to his Buick auto in said accident;

"The undersigned does hereby declare and represent that the injuries sustained in said accident are permanent and progressive and that the recovery of each of the said minors therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that this Guardian, for and on behalf of each of said minors, relies wholly upon his own judgment, belief and knowledge of the nature, extent and duration of the said injuries of each of the said minors, as well as the medical expenses and pain and suffering to the minors involved, and that the undersigned has not

been influenced to any extent whatever in making this release by any representations, or statements regarding same, made by the persons, firms or corporations who are hereby released, or by any person or persons representing or acting for him or them. *It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment of said sum is not to be construed as an admission of liability on the part of the said Consumers Oil Company, by whom liability is expressly denied. This release contains the entire agreement* between the parties hereto, and its terms are contractual and not a mere recital. The undersigned has carefully read the foregoing, knows the contents thereof and hereby signs the same as and for the free and voluntary act of and for and on behalf of each of said named minors. (Emphasis added.)

> "Estates of each of Ralph Schledewitz and Ralphina Schledewitz,
>
> "By
>
> "Dave Schledewitz, Guardian."

It may readily be seen that this instrument is limited by its terms to the release of potential liability to the children of Dave for personal injury damages resulting from the accident. Also, there is no release of any right to institute an action for damages to the property of any party, the right to institute such an action being specifically reserved to Dave by the terms of the instrument. How then can this instrument affect the right of any party to sue for property damage?

For the purpose of analysis we shall assume that in the absence of a release the liability of Dave for any damages that might have been incurred by Consumers would be based upon the "family car doctrine." See *Boltz v. Bonner* (1934), 95 Colo. 350, 35 P. (2d) 1015, for a case illustrative of the application of this doctrine in Colorado. It is stipulated by the parties that the car

was being used for a family purpose at the time of the accident. We shall also assume for purposes of analysis that if such were the case the father would be entitled to avail himself of all affirmative defenses, including contributory negligence, tending to avoid liability under the doctrine.

■ Assuming these facts to be true, what then could be the basis for holding that the release in question amounts to a defense in the instant action? No mental gymnastics will serve to expand its terms and provisions to the extent that it could be considered a release by Consumers of its right to recover for damages to its property, the only release being that of the children to sue for damages for personal injuries. If this instrument be deemed such that it may be pled as a bar to the instant action, such a status must be based upon some ground other than an actual "release" as disclosed by the terms of the instrument. The only such ground, and that ethereal, is a possible contention that the release amounts to an admission by Consumers of facts which would affirmatively establish the defense of contributory negligence. We are not impressed with such a contention.

Counsel have cited no cases dealing with this immediate question and our research discloses none. However, such an approach is suggested by the author of an annotation entitled "Liability insurer's settlement of claim against insured as bar to insured's tort action against person receiving settlement," 32 A.L.R. (2d) 937, in the following language:

"Where one of the parties to an accident is charged with liability by the other, and settles or compromises the claim by making a payment and taking a release, it may plausibly be argued that he should not thereafter be permitted to bring an action on the theory that the other party was negligent and is therefore liable, since the previous settlement may be regarded as an admission of negligence on his own part."

The author of the annotation then proceeds to note cases holding that where the settlement is made by an insurance company subrogated to the rights of the injured party without the knowledge of the insured, such individual may institute an action to recover his damages regardless of the previous release.

We cannot, however, agree with the general premise that any release amounts to an admission of negligence, thereby precluding the party accepting the release from bringing an action to recover his damages.

■ The better view is that the acceptance or procurement of a release is not an admission by the releasee of liability on his part. See *Baldwin v. New York Cent. R. Co.* (1888), 2 N.Y.S. 481, 56 N.Y. Super. 607, affd. 121 N.Y. 684, 24 N.E. 1089, and 76 C.J.S. 675, Release §43.

■ It is to be noted that the release here contains the language, "It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment of said sum is not to be construed as an admission of liability on the part of the said Consumers Oil Company, by whom liability is expressly denied." It would indeed be difficult to construe this language as an admission of liability. At best, it might be classified as a manifestation of awareness that potential liability might exist. As such, it should be classified with other offers of compromise as inadmissible evidence.

From the foregoing it is manifest that the trial court did not err in its interpretation of the legal effect of the release, and we pass to a consideration of the propriety of the ruling dismissing the fourth party complaint against the son.

■ The father argues that the court erred in refusing to enforce contribution against the son for the damages sustained by Consumers. To this argument, Consumers responds that there is no contribution between joint tort feasors. This is not a valid analysis of the liability as between the son and the father. Liability of

the father is based not upon his wrongdoing, but upon the family purpose doctrine. Liability under this doctrine is based upon "the principal and agent or master and servant theory." *Hutchens v. Haffner* (1917), 63 Colo. 365, 167 Pac. 966. Such being the case, we see no reason to distinguish the facts here from any other case in which a principal, being sued by a third party for the negligent act of his agent, is entitled to join the agent as a party to the suit. This right is succinctly stated in Sec. 399 of the *Restatement of the Law of Agency*, as follows:

"A principal whose agent has violated or threatens to violate his duties has an appropriate remedy for such violation. Such remedy may be:

" * * *.

"(h) causing the agent to be made party to an action brought by a third person against the principal;"

It is thus apparent that by accepted principles of the law of agency, the trial court here was correct in permitting the father to join the son and is entitled to recover from the son the damages for which he has been held liable. Is was therefore error for the trial court to dismiss the father's fourth party claim, which claim we add only demanded that the liability, if any, be made a joint one with contribution to be ordered.

The judgment is affirmed in part and reversed in part and remanded with directions to enter judgment for the father against the son in accordance with this opinion.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.