Jack NAIMAN, d/b/a The Naiman Company, 3950 Sorrento Valley Blvd., San Diego, California 92121, and Montbello I, II and III, a General Partnership, Plaintiffs,

v.

WARREN A. FLICKINGER & ASSOCIATES, LTD., By and Through Warren A. Flickinger, Authorized Agent, 7290 Samuel Drive, Suite 301, Denver, Colorado 80221, Defendants-Third Party Plaintiffs-Appellants,

v.

SOL FLAX AND ASSOCIATES, INC., and Riley Engineering Corporation, Third Party Defendants-Appellees.

No. 78–523.

Colorado Court of Appeals, Div. III.

Oct. 18, 1979.

As Modified On Denial of Rehearing Nov. 15, 1979.

Certiorari Denied Jan. 14, 1980.

Deisch & Marion, P. C., Michael B. Marion, Denver, for defendants-third party plaintiffs-appellants.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, David M. Berrett, Denver, for third party defendant-appellee Sol Flax and Associates, Inc.

The Law Firm of Margaret Bates Ellison, Joann G. Ward, Denver, for third party defendant-appellee Riley Engineering Corp.

KELLY, Judge.

Jack Naiman and others instituted an action against Warren A. Flickinger & Associates and Warren A. Flickinger for negligent performance of a contract. Flickinger filed third-party complaints against Sol Flax and Associates and Riley Engineering Corporation alleging that they were or may have been liable to him for all or part of the Naiman claim. The trial court entered summary judgment, dismissed the third-party complaints against Flax and Riley, and entered an order pursuant to C.R.C.P. 54(b). Flickinger contends on appeal that this ruling was erroneous. We agree, and therefore reverse.

Flickinger provided architectural services, including plans and specifications for the electrical, mechanical, and structural designs of an industrial complex. Flickinger orally contracted with Sol Flax and Associates, electrical engineers, to provide the electrical plans; and with Riley Engineering Corporation, mechanical engineers, to provide the mechanical plans. Both engineering firms completed the appropriate work, and Flickinger incorporated substantially all of their plans into the overall architectural design for the project.

In their complaint, the plaintiffs alleged that the plans and specifications for electrical, mechanical, and structural designs were negligently prepared. Flickinger answered denying that the designs were defective. At the same time, however, Flickinger filed a third-party complaint alleging that if the designs were in any manner defective, then Flickinger was entitled to indemnification from the subcontractors.

In response to interrogatories propounded by the appellee third-party defendants, Flickinger stated that there were no defects in mechanical and electrical plans and specifications, with the exception of one item which had been corrected. Since Flickinger failed to contend that the third-party defendants were negligent in their perform-ance of the subcontract, the court found that there was no material issue of fact, and dismissed the third-party complaints.

On appeal, Flickinger argues that the existence of a factual dispute between itself and Naiman, the principal plaintiff, regarding the allegation of negligence is enough to sustain Flickinger's action over against third-party defendants. We agree.

Where a plaintiff's injuries result from the primary fault of one party, but the plaintiff seeks recovery from another party, the second party may hold the party primarily at fault as an indemnitor. *Jacobson v. Dahlberg*, 171 Colo. 42, 464 P.2d 298 (1970). In the instant action, Flickinger claims that if the designs were negligently prepared, then the primary fault lies with the third-party defendants. Thus, the substantive claim between Flickinger and the third-party defendants sounds in indemnification.

C.R.C.P. 14(a) provides a mechanism for disposing of multiple claims arising from a single set of facts in one action, where a third party may be liable to the defendant for all or part of the plaintiff's original claim. *United Bank v. Shavlik*, 189 Colo. 280, 541 P.2d 317 (1975). A principal, such as Flickinger, whose agent may have violated its duties, may cause the agent to be made party to an action brought by a third person against the principal. *Schledewitz v. Consumers Oil Cooperative, Inc.*, 144 Colo. 518, 357 P.2d 63 (1960). Under the circumstances, the material issue of fact to be determined is the appropriate allocation of liability between the principal, Flickinger, and the agents, the third-party defendants.

Riley Engineering contends that a claim for indemnification was nevertheless inappropriate because Flickinger has failed to show that the relationship between Flickinger and the third-party defendants allowed for the indemnification of one tortfeasor by another. Riley recognizes that indemnification between tortfeasors is appropriate only where a tortfeasor who is secondarily negligent has sought recovery

from a tortfeasor who is primarily negligent, but urges that Flickinger cannot show its negligence was secondary to that of the third-party defendants, without alleging that they were negligent. We do not agree.

For one tortfeasor to be in a position of secondary responsibility to another, there must have been either some preexisting legal relationship between them, or, some duty on the part of the primary tortfeasor to protect the secondary tortfeasor. *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977). Since Riley concedes that the oral contract between Flickinger and the third-party defendants constituted a legal relationship, this alone is sufficient to entitle Flickinger to seek indemnification. *Ringsby Truck Lines, Inc. v. Bradfield, supra*. The allocation of liability, if any, among the parties is a determination for the fact-finder.

The judgment is reversed, and the cause is remanded with directions to reinstate the third-party complaints.

RULAND and BERMAN, JJ., concur.