FILED
United States Court of Appeals
Tenth Circuit

October 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHARON BETHEL, individually and
as conservator and guardian of DAVID
BETHEL, an incapacitated person,

　　　Plaintiff - Appellee,

v.

UNITED STATES OF AMERICA, by
and through VETERANS
ADMINISTRATIVE MEDICAL
CENTER of Denver, Colorado,

　　　Defendant - Appellant.

No. 12-1417
(D.C. No. 1:05-CV-01336-RPM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MATHESON**, Circuit Judges.

---

In this medical negligence case, the government appeals an order of the

district court apportioning fault to a non-party and ordering it to pay $10,710,700

in damages. Bethel v. United States, No. 05-cv-01336, 2012 WL 2919563 (D.

Colo. July 17, 2012). Our jurisdiction arises under 28 U.S.C. § 1291, and we

affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## Background

The facts of this case are set out in detail in our first order and judgment in this matter. Bethel v. United States, 456 Fed. App'x. 771 (10th Cir. 2012) (unpublished) ("Bethel I"). We summarize them here.

David Bethel suffered severe brain damage while under anesthesia at the Denver Veterans Affairs Medical Center ("VAMC") on September 10, 2003. Dr. Robin Slover was the anesthesiologist in charge of Mr. Bethel's care, and Dr. Nicole McDermott, a first-year resident, assisted her. To prepare Mr. Bethel for surgery, Dr. McDermott administered what she believed to be midazolam, a sedative. The district court found that in fact the wrong medication—rocuronium, a paralytic—was administered. Dr. Slover then left to attend another patient. While she was gone, Mr. Bethel sat up on the operating bed, became agitated, and tried to remove his oxygen mask. He appeared to have difficulty breathing. Dr. McDermott and others restrained him, and the attending nurse summoned Dr. Slover. When she returned, Dr. Slover initiated a rapid sequence induction and administered anesthesia drugs, which required intubation to help Mr. Bethel breathe.

Dr. Slover and Dr. McDermott were not successful in their attempts at intubation, and the attending nurse failed to detect a pulse. An emergency call went out, and among the first to respond was Dr. Lyle Kirson, VAMC's Chief Anesthesiologist. Dr. Kirson moved to the head of the operating bed and used a

two-handed jaw thrust to establish an airway.  Other doctors intervened to establish a surgical airway, and eventually Mr. Bethel's vital signs showed recovery.[1]

All parts of Mr. Bethel's brain were damaged due to lack of oxygen during this event.  He is now unable to care for himself.  Sharon Bethel, his wife, filed a malpractice suit against the United States and several VAMC doctors under the Federal Tort Claims Act ("FTCA").  See  28 U.S.C. § 1346(b)(1).

On November 28, 2008, after a bench trial, the district court found the United States liable for all damages sustained by Mr. Bethel.  The court found that "the treatment of David Bethel was below the standard of care for general anesthesia . . . and that no one of the participants in his care has individual responsibility for his brain injury."  Bethel v. United States, No. 05-cv-01336, 2008 WL 5111229, at *5 (D. Colo. Nov. 28, 2008).  Specifically, the court found that there was a medication error in administering rocuronium instead of midazolam, but could not determine if the error was caused by Dr. Slover or Dr. McDermott.  The court found that Dr. Slover was negligent in proceeding with a rapid induction sequence, but Dr. McDermott shared in that fault because she did not recognize the symptoms of rocuronium or the significance of Mr. Bethel's difficulty breathing, and failed to communicate either to Dr. Slover.  The court

---

[1]  Much of the episode was difficult for the district court to recreate due to the lack of a clinical record.  The machines ordinarily used to record patients' vital signs during surgery were turned off.

also faulted Drs. Slover and McDermott for not recognizing the severity of the situation and calling for help sooner. Finally, the district court found that Dr. Kirson should have used a laryngeal mask airway ("LMA") instead of a two-handed jaw thrust.

The court ultimately ruled that while "[t]he evidence is insufficient to apportion the injury to any one time or event," id. at *6, Mr. Bethel suffered harm as a result of negligent treatment by those responsible for his care. The court held the United States liable for each doctor's negligence. The court found that Plaintiff proved $12,971,500 in damages, but reduced the award to $10,710,700, the amount requested in Plaintiff's administrative claim. Bethel v. United States, No. 05-CV-01336-RPM, 2009 WL 690301, at *4 (D. Colo. Mar. 13, 2009); see 28 U.S.C. § 2675(b).

On appeal, we reversed and remanded. The panel found that since Dr. Slover was not a federal employee, the United States was not liable for her actions. The panel instructed the district court to "apportion fault (if any) between Slover and the federal government employees (Kirson and McDermott)" pursuant to Colo. Rev. Stat. § 13-21-111.5. Bethel I, 456 F. App'x at 783-84.

On remand, the district court adopted its November 2008 Findings and Conclusions and apportioned 17% of Mr. Bethel's injuries to Dr. Slover. It acknowledged this would produce the same result it reached before appeal—$10,710,700 awarded against the United States—and that it considered

- 4 -

this a just result.  <u>Bethel</u>, 2012 WL 2919563, at *4.  The court placed the burden of proof on the government to show Dr. Slover's negligence by a preponderance of the evidence.  <u>Id.</u> at *2.  Finally, the court stated that it was not required to apportion fault to all the participants in Mr. Bethel's care, but only had to decide Dr. Slover's share.  <u>Id.</u>  The government timely appealed.

Discussion

On appeal, the government argues that the district court erred: (1) by failing to apportion fault to each individual doctor; (2) by rejecting additional evidence on remand; (3) by improperly shifting the burden of proof to it on negligence; (4) by arbitrarily and inaccurately apportioning fault; and (5) by rejecting the government's "captain of the ship" argument.  We address each in turn.

A. Individual Fault Determinations

The government argues that the district court's failure to apportion fault individually to Drs. McDermott and Kirson was both an error of law and a failure to abide by our mandate.  We review a district court's application of state law de novo, <u>Pub. Serv. Co. of Okla. v. Burlington N. R. Co.</u>, 53 F.3d 1090, 1096 (10th Cir. 1995), and its compliance with our mandate for abuse of discretion, <u>see</u> <u>Procter & Gamble Co. v. Haugen</u>, 317 F.3d 1121, 1125 (10th Cir. 2003).

Under Colorado law,[2] Colo. Rev. Stat. § 13-21-111.5(1) establishes pro rata liability for defendants in tort cases and provides:

> In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant.

Id. Section 13-21-111.5(2) provides that "the court shall make special findings determining the percentage of negligence or fault attributable to each of the parties and any persons not parties to the action of whom notice has been given." Id.

The district court apportioned 17% fault to Dr. Slover, and did not apportion fault individually to Drs. McDermott and Kirson. It considered Dr. Slover a designated non-party and noted that Drs. McDermott and Kirson were not the only employees participating in Mr. Bethel's care: six other employees also did. We see no error in this. The Colorado statute requires the court to find the percentage of fault attributable to each party and any designated non-parties. Id. The only defendant in this case is the United States, and the only designated non-party is Dr. Slover. In remanding this case, we expressly noted that fault was

---

[2] The government is liable for its employees' torts under the FTCA where the government, if it were a private person, "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Our inquiry into these doctors' negligence is thus governed by Colorado law.

required to be apportioned because the federal government could not be held liable for Dr. Slover's negligence.  Bethel, 456 F. App'x at 783.  In view of our stated purpose in remanding, the district court did not abuse its discretion in apportioning fault to achieve the purpose of our mandate.

In its November 2008 order, the district court found the United States liable for 100% of Mr. Bethel's injuries.  In the order at issue here, it adopted those findings and reduced the government's liability by the amount attributable to Dr. Slover.  Thus, the district court held the government liable for the remainder, 83%.  Since the United States is liable for the negligence of both Dr. McDermott and Dr. Kirson, their relative fault does not change the ultimate result.  Thus, the court was not in error in failing to apportion fault between them.

B.  Additional Evidence

The government next argues that the district court erred by refusing to allow it to submit additional evidence of Dr. Slover's fault on remand.  We review a district court's decision whether to reopen a case for additional evidence for abuse of discretion.  See  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971);  Smith v. Rogers Galvanizing Co., 148 F.3d 1196, 1197-98 (10th Cir. 1998).  The district court's decision to reopen should be guided by the timing of the motion, the nature of the evidence offered, and the potential prejudice resulting from grant or denial.  Smith, 148 F.3d at 1198.

After reviewing the record, we find the district court did not abuse its

discretion in declining to accept additional evidence. The court gave reasoned explanations why the evidence proffered by the government would be inadmissible, cumulative, or unhelpful. See Bethel, 2012 WL 2919563, at *2-3. The government complains that it was restricted in presenting evidence of Dr. Slover's fault at trial, but concedes that there is "ample evidence" of Dr. Slover's fault in the record. Aplt. Br. at 22-23. The district court found it had sufficient evidence before it to apportion fault, and was within its discretion in doing so.

C. Burden Shifting

The government argues that the district court improperly placed the burden on it to prove Dr. Slover's negligence. Allocation of the burden of proof is a question of law, which we review de novo. See United States v. Smith, 133 F.3d 737, 746 (10th Cir. 1997).

In Colorado, a medical malpractice plaintiff bears the burden of proving negligence by a preponderance of the evidence. See Day v. Johnson, 255 P.3d 1064, 1063-64, 1072 n.7 (Colo. 2011). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to rebut it. See Lockwood v. Travelers Ins. Co., 498 P.2d 947, 950 (Colo. 1972). Colorado's pro rata liability statute provides an affirmative defense by allowing defendants to show a non-party's fault. See Colo. Rev. Stat. § 13-21-111.5. The defendant bears the burden of proving its affirmative defense. See Barton v. Adams Rental, Inc., 938 P.2d 532, 536 (Colo. 1997); Loughridge v. Chiles Power Supply Co., Inc., 431 F.3d 1268,

1278 (10th Cir. 2005).

The government contends that the district court skipped the first step in the burden shifting scheme—Plaintiff's prima facie case—and proceeded directly to its affirmative defense. Aplt. Br. at 25. We disagree. The government is incorrect in its assertion that the district court "failed to find that plaintiff carried her burden." Id. at 27. The court found negligence by a preponderance of the evidence against the doctors who cared for Mr. Bethel in its November 2008 order. Bethel, 2008 WL 5111229, at *5. Specifically, the court found a medication error (though it could not determine who committed it), a treatment error (which Drs. Slover and McDermott were both responsible for), a failure to recognize signs of bradycardia and to seek help, and a failure to use a laryngeal mask airway. Id. at *5-6. It attributed each error in some capacity to Drs. Slover, McDermott, and Kirson, and concluded that this negligent treatment caused Mr. Bethel's injuries. Id. at *6. The court rejected then, as it did on remand, the government's contention that all fault was attributable to Dr. Slover. Bethel, 2008 WL 5111229, at *5; Bethel, 2012 WL 2919563, at *1. Thus, the court adopted its prior findings in the order at issue here. Bethel, 2012 WL 2919563, at *3.

Our remand instructed the district court to apportion liability between Dr. Slover and the federal government employees (Drs. Kirson and McDermott), recognizing they had already been found negligent; it did not require the court to

retry the issue of liability, or require Plaintiff to reprove her prima facie case. Accordingly, the court was correct in placing the burden on the government to prove Dr. Slover's negligence.

D. Adequacy of the Apportionment

The government challenges the district court's finding that Dr. Slover was responsible for 17% of Mr. Bethel's injuries on two grounds: first, that the figure is arbitrary, and second, that it is too small.

On appeal from a bench trial, we review the district court's findings of fact for clear error. Keys Youth Servs., Inc. v. City of Olathe, 248 F.3d 1267, 1274 (10th Cir. 2001). Under Colorado law, negligence, causation, and allocation of fault are questions of fact. See City of Aurora v. Loveless, 639 P.2d 1061, 1063 (Colo. 1981); Naiman v. Warren A. Flickinger & Assocs., Ltd., 605 P.2d 63, 64 (Colo. 1979). Thus we review the district court's allocation of fault to Dr. Slover for clear error.

The district court reviewed its prior findings and found that the matter came down to "how much of this injury was caused by Dr. Slover's decision to proceed with rapid sequence intubation." Bethel, 2012 WL 2919563, at *4. We have reviewed the district court's findings on remand and conclude that they are certainly permissible views of the evidence.

The government contends that the district court arbitrarily reached the 17% figure by "reverse engineering" the result in its original order. Aplt. Br. at 28.

After detailing its findings, the court stated, "If the fault of the non-party is not greater than 17%, the amount of [recovery] would be . . . as it was in the order of March 13, 2009." Bethel, 2012 WL 2919563, at *4. It concluded that would be a just outcome. Id. This statement must be considered in conjunction with the court's factual findings on remand, and those findings support its conclusion. The court's view that $10,710,700 fairly represents the damages attributable to the government actors is not clear error.

We also conclude that 17% is not so low an apportionment to constitute clear error. The district court found each of Drs. Slover, McDermott, and Kirson negligent in their treatment of Mr. Bethel, and the record supports its factual findings, which cannot be clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985). Thus, we do not disturb the district court's apportionment of fault.

E. Captain of the Ship Defense

Finally, the government argues that the district court erred in rejecting its "captain of the ship" defense. In Colorado, the captain of the ship doctrine "imposes vicarious liability on a surgeon for the negligence of hospital employees under his control and supervision during surgery." O'Connell v. Biomet, Inc., 250 P.3d 1278, 1283 (Colo. App. 2010). The government contends that Dr. Slover is responsible for the actions of Drs. McDermott and Kirson under the doctrine.

In Bethel I, we directed the district court to consider the captain of the ship defense for the first time on remand. 456 F. App'x at 782. The district court held that the doctrine is inapplicable to anesthesiologists under Colorado law, and, if it were, it would only apply to the events that occurred before Dr. Kirson took control. Bethel, 2012 WL 2919563, at *1 n.1.

We find application of the doctrine unwarranted by the underlying facts found by the district court in this case; Dr. Slover did not exercise sufficient supervision or control of Mr. Bethel's care to hold her vicariously liable for the acts of all involved. The key determination in applying the captain of the ship doctrine in Colorado is whether the doctor in question assumed supervision and direction of the operating room before the negligent acts occurred. Berg v. United States, 806 F.2d 978, 983 (10th Cir. 1986) (citing Young v. Carpenter, 694 P.2d 861, 863 (Colo. App. 1984)). The district court found that Dr. McDermott gathered the anesthesia medication, interviewed Mr. Bethel, prepared a pre-anesthesia report, and evaluated Mr. Bethel's airway access before Dr. Slover joined her. Bethel, 2008 WL 5111229, at *1-2. Shortly after Dr. McDermott administered the medication, Dr. Slover left the operating room. Id. at *2. Mr. Bethel sat up in his bed and Dr. McDermott and others restrained him while Dr. Slover was absent. Id. When Dr. Slover returned, she and Dr. McDermott attempted to intubate Mr. Bethel under emergency conditions. Id. On the record before us, there is no indication that Dr. Slover assumed control of the operating

room in any meaningful way.

Dr. Slover is not responsible for Dr. McDermott's acts merely by the fact of her status as anesthesiologist of record and Dr. McDermott's status as resident. The doctrine applies only to acts that occur after a doctor assumes control of the operating room. Berg, 806 F.2d at 983. Dr. Slover was not present during most of the events precipitating the emergency, and did not exercise sufficient control during it. We do not disturb the district court's factual finding that Dr. Kirson eventually took control of the operating room, and we do not reach the question of whether the captain of the ship doctrine can apply to an anesthesiologist as a matter of Colorado law.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge