GERTRUDE EBERS, APPELLANT, V. ROGER C. WHITMORE ET AL., APPELLEES.

FILED FEBRUARY 25, 1932.   No. 27981.

*Baylor & Tou Velle* and *George A. Healey,* for appellant.

*Hall, Cline & Williams* and *H. W. Baird, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

LESLIE, District Judge.

This action is brought by the plaintiff against the defendants for the recovery of damages for personal injuries resulting from a collision between the automobile in which plaintiff was riding and a truck driven by defendant Geiger, but owned by defendant Whitmore, on the 4th day of June, 1930, at or near the intersection of B and Fourteenth streets, Lincoln. An extensive statement of the allegations of the amended petition and the answers of the defendants is not necessary. It is sufficient to state that defendant Whitmore, owner of the truck driven by Geiger, admitted the ownership of it and that a collision occurred on the date in question, but expressly denied in his answer that at the time of the collision the defendant Geiger was using the truck in his, Whitmore's, service. At the conclusion of the evidence the jury were instructed to return a verdict for the defendant Whitmore; the case was submitted to the jury as to the liability of Geiger, and they returned a verdict against such defendant.

The plaintiff appealed from the judgment of the trial court in sustaining the motion of defendant Whitmore for a directed verdict. This being the only question for our consideration, it is necessary to consider the evidence only in so far as it relates to whether the truck was in the service of Whitmore at the time of the accident.

Whitmore was operating a garage in Lincoln on Fourteenth street a little south of South street, and defendant Geiger was employed by him as a helper. On the day in question the family car that usually called to take Geiger to his lunch did not arrive and he used Whitmore's truck

for the purpose of going to his home at Thirteenth and Otoe streets for his noon meal. In relation to this Whitmore testified: "He (Geiger) was waiting for his mother to come * * * and take him to lunch, so I told him to take the truck and get his dinner and get back as quick as he could." This evidence is undisputed as to the circumstances under which the truck was taken from the garage. Geiger's home at Thirteenth and Otoe streets is approximately seven blocks south and one block west of defendant Whitmore's garage. The scene of the accident is approximately ten blocks north of the garage. After having his lunch, Geiger drove from his home, seven blocks south of the garage, to Parke-Brown's jewelry store on Tenth street north of O, twenty-two blocks north of the garage, to get a watch he had left for repair. Geiger's testimony is that he drove from there north on Tenth to P street, east on P street to Fourteenth, south on Fourteenth to B street, where the collision occurred.

It is plaintiff's contention that, when Whitmore gave Geiger permission to take the truck to his home with instructions to return it after lunch, the truck was in the service of Whitmore, and, conceding that Geiger was using it for his own personal convenience while going from his home to the jewelry store on Tenth street, when he turned to go from there to the garage he was operating the truck in the service of the owner within the rule announced in *Keebler v. Harris*, 120 Neb. 739. We cannot assent to this. In *Keebler v. Harris*, defendant Harris was an employee of codefendant American Credit Corporation, and had been directed by his employer to repossess a certain Ford car and take it to a garage at 610 South Fifteenth street, Omaha. From his home, Fifty-second and Izard streets, he drove his father's car to 915 South Forty-eighth street, where he took possession of the car. He then returned his father's car to Fifty-second and Izard streets; the repossessed car, driven by another boy, following him. After leaving his father's house, Harris took the repossessed car and drove to several places in Omaha to make

collections that he was authorized to make for the defend-
ant credit corporation, eventually returning to Forty-ninth
and Dodge streets, from which point he started to take
the repossessed car to the garage to which he had been
directed to take it, on Fifteenth street. The accident oc-
curred at Forty-sixth and Farnam streets, two blocks south
and three blocks east of Forty-ninth and Dodge, and on
one of two routes that would usually be taken in going
from Forty-ninth and Dodge streets to Fifteenth street.
This court held that Harris was in the zone of his gen-
eral duties, and that if he had, earlier in the evening,
temporarily abandoned his employment for his own con-
venience, he resumed his duties when he started to go to
the garage from Forty-ninth and Dodge streets. In the
instant case the defendant Whitmore loaned his truck to
Geiger for his own personal use, with no directions other
than to return as soon as he could. The exact language
used by Whitmore is not material so long as it definitely
appears that Geiger was to perform no service for Whit-
more during the time he was out with the truck. There
is no conflict in the evidence that Geiger was driving the
truck on an errand personal to himself. By no stretch
of imagination can it be said from the record that he in-
tended to perform, was directed to, or, in fact, did per-
form any service for his employer while he was out with
the truck.

The plaintiff urges, however, that, since it is conceded
that Whitmore was the owner of the truck and Geiger was
employed by him and frequently used the truck on the
streets in the vicinity of where the accident occurred, he
is presumed to have been using it on this occasion in the
service of his employer, and that this presumption is evi-
dence that would sustain a verdict for plaintiff. Our at-
tention is called to cases that support this contention:
*Williams v. Ludwig Floral Co.,* 252 Pa. St. 140; *Holzheimer
v. Lit Bros.,* 262 Pa. St. 150; *Randolph v. Hunt,* 41 Cal.
App. 739; *Ward v. Teller Reservoir & Irrigation Co.,* 60
Colo. 47. The great weight of authority, however, is to
the contrary, and the decisions of this court are in accord

with those cases which hold that a presumption is not evidence and will not prevent a directed verdict when the evidence rebutting it is convincing and undisputed. In the instant case the presumption arose from the facts alone that Whitmore was the owner of the truck and Geiger was employed by him. This established *prima facie* that the truck was in the service of the owner. The presumption is unsupported by circumstancial evidence. It was rebutted by the testimony of witnesses who knew the facts. This extinguished the presumption. *Eckman Chemical Co. v. Chicago & N. W. R. Co.*, 107 Neb. 268; *Sorensen v. Selden-Breck Construction Co.*, 98 Neb. 689. Plaintiff's contention in a sense would extend the family automobile doctrine to employees. In *Mogle v. A. W. Scott Co.*, 144 Minn. 173, the court said:

"We are now asked to extend the (family automobile) doctrine to cases where an employer permits a favored employee to use, for his own pleasure, an automobile kept and ordinarily used in carrying on the employer's business. * * * If we were to hold as requested, it would tend to put an end to the praiseworthy custom of many employers who permit faithful employees to use occasionally, for their personal enjoyment, automobiles kept and ordinarily used in carrying on the employer's business. * * * But, aside from this particular consideration, we think both reason and authority are opposed to plaintiff's contention. The extension of the family automobile doctrine to other relationship cannot well be justified upon any principle of the law of master and servant or principal and agent. The owner of an automobile, who loans it to another to use for purposes personal to the borrower, is neither master nor principal, but merely a bailor, and in law is not chargeable with the consequences of the borrower's negligence while pursuing his own ends in his own way."

There being no controverted questions of fact to go to the jury, the court properly directed a verdict for the defendant Whitmore.

The judgment of the trial court should be, and is

AFFIRMED.