F. C. HOGG, ADMINISTRATOR, APPELLEE, V. ELIZABETH MACDONALD, APPELLANT.

FILED NOVEMBER 23, 1934. No. 29008.

*Chambers & Holland, C. Russell Mattson, Prince & Prince* and *Lewis W. Heyde,* for appellant.

*H. G. Wellensiek* and *B. J. Cunningham, contra.*

Heard before Goss, C. J., Rose, Eberly, Day and Paine, JJ., and Redick, District Judge.

Rose, J.

This is an action to recover damages in the sum of $25,145 for alleged negligence causing an automobile accident in which Andrew Y. McMullen was fatally injured. The accident occurred about four miles north of Shelton, in Buffalo county, October 14, 1932, at an intersection of two highways, one running north and south and the other east and west. McMullen died October 18, 1932, as a result of his injuries, leaving surviving him his widow, two sons and three daughters. F. C. Hogg, administrator of decedent's estate, is plaintiff and Elizabeth MacDonald is defendant.

While Charles Flynn was driving north alone in a Buick sedan owned by defendant, it collided with a Dodge coupé owned and driven by John D. Stack, in which McMullen was riding at the time of the collision. Due care on the part of decedent and Stack, who came to the intersection from the east and there turned south, was pleaded in the petition, which alleged that defendant approached from the south in a reckless and negligent manner on the west side of the highway at approximately 70 miles an hour, thus causing the collision and the resulting injuries; that Flynn, when alone, was by habit a reckless and careless driver of the Buick sedan at a high rate of speed, a fact known to defendant who entrusted him with her car; that she was a childless widow residing on a farm and that her family consisted of herself and defendant, who made his home with her; that her Buick sedan was a family car purchased, used and maintained as such by her for the joint use of herself and Flynn; that with her knowledge and consent it was being used by him at the time of the collision for the purpose for which it was purchased and maintained.

In an answer defendant admitted that an accident occurred about the time and place pleaded in the petition and denied each and every other allegation therein. Defendant alleged also that the accident was caused by the negligence of Stack and decedent, giving details, who were then engaged in a joint enterprise. The reply to the answer was a general denial.

Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $16,863.30, which was reduced by remittitur to $13,473.30. From a judgment for the latter sum, defendant appeals.

On appeal it is elaborately argued by defendant that the following instructions given by the court to the jury contain prejudicial error, when considered with the evidence:

"You are instructed that one who furnishes an auto-

mobile for the pleasure and convenience of his family makes the use of such vehicle for such purposes his affair or business, and any member of his family driving the vehicle with his consent, either express or implied, and for the purpose for which it is furnished, is the owner's agent and the owner is liable for his negligence.

"You are instructed that the question whether or not Charles Flynn, at the time of the accident and injury complained of, was a member of the family of Elizabeth MacDonald, is to be determined by you from the evidence and all the facts and circumstances in the case, and in this regard you are instructed that to be a member of a family it is not essential that a person be a relative of other members of the family. It is essential, however, that he should occupy a position in the household analogous to that usually held by a relative living with other relatives in a family. He should have assumed the duties and have been accorded the privileges of such a relative. The fact that a person is living in a household, as an employee, does not in itself make him a member of a family within the rule of the family purpose law. The bond between him and the head of the family must be stronger than that between master and servant, the duties assumed by him must be different than those of a hired employee and the privileges accorded him in the family other than those usually accorded a servant for satisfactory service."

The family purpose doctrine in the law applicable to automobile accidents and resulting damages has been recognized in Nebraska, the rule being first stated as follows:

"The owner of an automobile kept for family purposes is liable for injuries inflicted upon a stranger as a result of the negligent driving of one of his children, where the car is occupied by members of the family and is being used for one of the purposes for which it is kept." *Stevens v. Luther,* 105 Neb. 184.

A reviewer of decisions recently said:

"The doctrine is a development of the rules applicable to the relation of master and servant and principal and agent, which have been extended to meet a new situation brought about by the invention of the automobile, and its common use, with the owner's permission, by the members of his family for whom he has provided it." 64 A. L. R. 879.

The principle under consideration and the reason for it were stated in an opinion by Judge Flansburg in this form:

"Where the head of a family has purchased or maintains a car for the pleasure of his family, he is, under the so-called 'family purpose' doctrine, held liable for injuries inflicted in the negligent operation of the car while it is being used by members of the family for their own pleasure, on the theory that it is being used for the purpose for which it is kept, and that in operating it the member of the family is acting as the agent or servant of the owner." *Linch v. Dobson*, 108 Neb. 632.

The jury in the case at bar were told in effect that whether or not Flynn was a member of defendant's family should be determined from the evidence and all the facts and circumstances and that to make defendant liable for his negligence he should occupy a position in the household "analogous to that usually held by a relative living with other relatives in a family." The instructions quoted would extend the family purpose doctrine to remote kindred and to persons not so related, if Flynn's position was analogous to "that usually held by a relative living with other relatives in a family." While the instructions say that "He should have assumed the duties and have been accorded the privileges of such a relative," what constitutes a family, within the meaning of the family purpose doctrine, is a question left by the instructions largely to the determination of the jury in view of the evidence, facts and circumstances. In another jurisdiction it was held that a subordinate member of a household, not related by blood to the head of the family, created by

negligence a liability of the latter for damages, where the former had general authority to use a car actually maintained for her convenience. *Smart v. Bissonette,* 106 Conn. 447. That ruling, however, does not justify the instructions given in the case at bar.

The instructions do not give defendant the full benefit of recognized limitations on the family purpose rule. The supreme court of Minnesota said:

"We are now asked to extend the (family automobile) doctrine to cases where an employer permits a favored employee to use, for his own pleasure, an automobile kept and ordinarily used in carrying on the employer's business. * * * If we were to hold as requested, it would tend to put an end to the praiseworthy custom of many employers who permit faithful employees to use occasionally, for their personal enjoyment, automobiles kept and ordinarily used in carrying on the employer's business. * * * But, aside from this particular consideration, we think both reason and authority are opposed to plaintiff's contention. The extension of the family automobile doctrine to other relationships cannot well be justified upon any principle of the law of master and servant or principal and agent. The owner of an automobile, who loans it to another to use for purposes personal to the borrower, is neither master nor principal, but merely a bailor, and in law is not chargeable with the consequences of the borrower's negligence while pursuing his own ends in his own way." *Mogle v. A. W. Scott Co.,* 144 Minn. 173. This view was adopted in *Ebers v. Whitmore,* 122 Neb. 653.

Rules for determining the existence of the family relation, as contemplated by law, were adopted by the supreme court of Texas as follows:

"1. It is one of social status, not of mere contract.

"2. Legal or moral obligation on the head to support the other members.

"3. Corresponding state of dependence on the part of other members for their support." *Roco v. Green,* 50 Tex. 483.

These tests of the family relation, as contemplated by law, were applied to the family purpose doctrine in the law relating to negligence in the use of automobiles. *Rogers v. Kuhnreich*, 247 Mich. 204.

The instructions in the present case were erroneous, because they did not inform the jury directly that the general use of the car by Flynn and the maintenance thereof by defendant for his convenience or for the convenience of both were essential to a verdict in favor of plaintiff. Whether the error was prejudicial to defendant depends on the evidence.

The record contains testimony tending to prove the following facts: Defendant was a widow 68 years of age. She resided on a farm in a five-room house near Shelton. At the time of the accident Flynn was alone in defendant's car. He was then 21 years old; was not related to her by the ties of blood or affinity; was employed by defendant at $25 a month with board, room and washing; did chores, mowed, hauled hay and grain, repaired fences, worked in a grove, sawed trees; sometimes worked for others by the day and received compensation from them; drove the car for defendant and for himself; occupied the room used by former employees of defendant in her house; had no individual key to house or car; never used the car without asking permission; always bought the gasoline and oil when using the car for himself. There is testimony tending to prove what is thus narrated. The summary is confined to only a small part of the evidence and is not a determination of facts but a mere basis for testing the instructions quoted. For the same purpose it may fairly be inferred from the record that the relation existing between defendant and Flynn was created by a contract of employment; that board, room and washing were parts of the compensation for work; that the relation of defendant to Flynn was not analogous to that of parent and child; that defendant was not under a legal or moral obligation to support him; that he was not dependent upon her for support; that he had no general authority to use the car

for his own convenience, business or pleasure; that she did not wholly maintain it when operated by him alone; that he was not on any mission of his employer at the time of the accident, but was then in the pursuit of his own pleasure. With the record in the condition outlined the erroneous instructions were prejudicial. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.