ROLLAND CHRISTENSEN, APPELLEE, v. HAROLD H. ROGERS ET AL., APPELLANTS.

108 N. W. 2d 389

Filed March 31, 1961. No. 34855.

*Spear, Lamme & Simmons,* for appellant Rogers.

*Kennedy, Holland, DeLacy & Svoboda* and *R. A. Skochdopole,* for appellant Wilkenson.

*Richards, Yost & Schafersman,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover damages sustained by plaintiff's truck in a collision with an automobile owned by the defendant Rogers and operated by the defendant Wilkenson. The jury returned a verdict for the plaintiff against both defendants and judgment was rendered thereon. The defendants have appealed.

The evidence shows that during the early morning hours of June 28, 1959, William L. Rogers, Kenneth L. Wilkenson, and Robert A. LaFurge were returning to Rockford, Illinois, after 2 weeks of Marine Corps Reserve training at Hawthorne, Nevada. They were driving an automobile belonging to the defendant Rogers, the father of William L. Rogers. It is not disputed that William L. Rogers had the consent of his father to make the automobile trip. It is likewise not questioned that the car was a family-purpose car and that William L. Rogers, the minor son, was permitted to drive it whenever he wanted to do so.

William L. Rogers was accompanied by Wilkenson and

LaFurge as his guests with the knowledge of the father. The three young men took turns at driving, each one driving about two or three hundred miles. When they arrived about 4 miles east of North Bend, Nebraska, at about 3 a.m., on the morning of June 28, 1959, their automobile collided with a truck being driven by the plaintiff. William L. Rogers was killed in the accident. LaFurge was riding in the front seat to the right of the driver and was asleep at the time of the collision. William L. Rogers was asleep in the back seat when the accident occurred. Wilkenson, as the jury found, was driving the car but had no recollection of it due to retrograde amnesia suffered as a result of the accident.

The testimony and physical facts, including the tire marks on the pavement, show that the Rogers automobile was encroaching to the left of the center of the highway when it was struck. The trial court found the driver of the automobile guilty of negligence as a matter of law and withdrew that issue from the jury. The jury returned a verdict against the defendants Wilkenson and Rogers. The finding of liability on the part of Wilkenson was clearly sustained by the evidence. The defendant Rogers contends that he is not liable for the negligence of Wilkenson under the family purpose doctrine under the circumstances here shown. The question appears to be one of first impression in this jurisdiction.

The question for our determination is, therefore, whether or not the owner, in permitting his son to use his car, was liable for the accident occasioned while the car was being operated by Wilkenson, with the son's permission but without the father's knowledge or consent.

The family purpose doctrine which holds the owner of a car, who gives it over to the use of his family and permits it to be operated by the members thereof, liable for injuries inflicted while being negligently operated by a member of the family, is a departure from the law of master and servant, principal and agent, and re-

spondeat superior. The imposition of liability under the family purpose doctrine is generally stated to be that where the head of the family maintains a motor vehicle for the general use, pleasure, and convenience of the family, the use of the vehicle for the pleasure and convenience of the family is in the furtherance of his purpose in providing it, and that, under such circumstances, it will be treated as if it was being used in the conduct of an owner's business. While many jurisdictions have rejected the doctrine, some have adopted it. It was declared to be the law of this state in Stevens v. Luther, 105 Neb. 184, 180 N. W. 87, and the scope of the rule was expanded in Linch v. Dobson, 108 Neb. 632, 188 N. W. 227. We are now asked to expand the rule further to impose liability on the father for negligence while the family car was being operated by a third party with the son's permission but without the father's knowledge or consent.

To extend the family purpose doctrine to third persons not members of the owner's family who operated the family-purpose automobile without the direction of the owner and not in the performance of his work, solely upon the theory that automobile accidents are numerous and injured persons should be provided a more certain means for recovering damages for injuries sustained, is to establish a rule of liability based wholly on public policy and not on legal principle. Automobiles are not in themselves dangerous instrumentalities. They become dangerous to the users of highways only when negligently operated. If the negligent operation of automobiles has become such a menace as to require the imposition of extraordinary liabilities which exceed the scope of the common-law liability, it is a matter for the Legislature and not the courts. Turoff v. Burch, 50 F. 2d 986. We conclude that the initial permission of an automobile owner to members of his family to use a family-purpose car does not include authority to delegate the driving of the automobile to a third per-

son not a member of the family. Consequently, liability does not attach to the owner for the negligence of such third person. The trial court therefore erred in failing to direct a verdict for the defendant Rogers. This holding makes it unnecessary to consider other assignments of error asserted by the defendant Rogers.

The defendant Wilkenson complains of the failure of the trial court to direct a verdict in his favor. The evidence establishes without conflict that the driver of the automobile was negligent in driving on the left side of the highway at the time of the accident. The jury found that Wilkenson was the driver of the automobile at the time of the accident and this finding is amply sustained by the evidence. We know of no theory by which Wilkenson is entitled to a directed verdict.

The defendant Wilkenson contends also that the defendant Rogers is liable under the family purpose doctrine, although it is not made clear how such liability, if it existed, would excuse the negligence of Wilkenson. In any event, our holding as to the nonliability of the defendant Rogers under the family purpose doctrine disposes of this contention.

The defendant Wilkenson assigns many errors that are not discussed in his brief. Under the rules of this court we consider only such claimed errors as are assigned and discussed. Rule 8 a 2 (4), Revised Rules of the Supreme Court.

We conclude that the judgment against the defendant Rogers should be reversed and the cause remanded with directions to dismiss. The judgment against the defendant Wilkenson is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.