INEZ McBROOM, THROUGH AND BY HER FATHER AND NEXT FRIEND, LLOYD McBROOM, APPELLANT, V. MELVIN J. WOLSLEGER, APPELLEE.

144 N. W. 2d 199

Filed July 15, 1966. No. 36287.

Kerrigan, Line & Martin, for appellant.

Ray C. Simmons, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is an action for damages by Lloyd McBroom as father and next friend of Inez McBroom who was injured in an automobile accident on September 16, 1962. The accident occurred when the automobile in which Inez McBroom was riding collided with a 1956 Buick automobile operated by Thomas E. Wolsleger. The de-

fendant, Melvin J. Wolsleger, is the father of Thomas E. Wolsleger who was killed in the accident. The issue to be determined is whether the family purpose doctrine is applicable in this case.

The issue was determined in the lower court upon motions for summary judgment filed by both parties. The trial court overruled the plaintiff's motion for summary judgment, sustained the defendant's motion, and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The 1956 Buick automobile which Thomas E. Wolsleger was operating at the time of the accident was owned by his brother, Stephen Wolsleger. Stephen was then 21 years old and serving in the Navy at a station in California. In June 1962, Stephen had returned to Nebraska on leave and had loaned the Buick automobile to another boy from Scribner to use in California while Stephen was on leave. The Scribner boy drove the Buick to Nebraska without Stephen's consent. Stephen picked up the Buick in Lincoln, Nebraska, and drove it to Scribner, Nebraska, where he left it with his father. Stephen told his father, the defendant, that he did not want to take the Buick back to California at that time; that he might want the Buick in California at a later time; that his father, mother, and brother Thomas could drive it; and that his father could use it as if it were the father's car. On July 4, 1962, Stephen returned to California.

The insurance on the Buick automobile was maintained and paid for by the defendant. After the Buick was left with the defendant, he paid for its maintenance, gas, and oil. At the time of the accident, Thomas was using the Buick automobile with the consent of the defendant and his wife.

Where the head of the family maintains a motor vehicle for the general use, pleasure, and convenience of the family, the use of the vehicle for the pleasure and convenience of the family is in the furtherance of his

purpose in providing it. Under such circumstances, it is treated as if it were being used in the conduct of the owner's business. Christensen v. Rogers, 172 Neb. 31, 108 N. W. 2d 389; Stevens v. Luther, 105 Neb. 184, 180 N. W. 87; Linch v. Dobson, 108 Neb. 632, 188 N. W. 227. This case turns on whether the Buick automobile which Thomas was operating at the time of the accident was a family purpose automobile.

The family purpose doctrine, as followed in this state, contemplates that a family purpose car is one which is furnished by the head of the family for the general use, pleasure, and convenience of the members of the family. A family purpose car has been described as one which the head of the family "purchases," "owns," "keeps," "maintains," or "provides" for the use of the family.

The 1956 Buick automobile involved in this case was owned by Stephen Wolsleger. Under the facts and circumstances in this case, the automobile was not one that was furnished by the head of the family but by one of his sons, a brother of the son who was driving it at the time of the accident. We think the evidence sustains the finding of the trial court that the family purpose doctrine is not applicable in this case.

The judgment of the trial court is affirmed.

AFFIRMED.