No. 22380.

GEORGE EDWIN LEE *v.* DOROTHEA M. DEGLER.

(454 P.2d 937)

Decided June 2, 1969.

LYNN A. HAMMOND, JOHN H. CHILSON, for plaintiff in error.

O. REX WELLS, SAMUEL L. ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

GEORGE LEE and Earl Degler collided in their automobiles at an intersection in Loveland, Colorado. For reasons apparently unrelated to the accident, Earl Degler died thereafter, and Lee brought this action against Degler's widow in an attempt to impose liability under the family car doctrine. Lee contends here that the trial court erred when it ruled as a matter of law on motion for summary judgment that the family car doctrine could not be employed to impose liability on Dorothea Degler for the alleged negligence of her husband. We find no error and therefore affirm the judgment of the trial court.

In an affidavit supporting her motion for summary judgment, Dorothea stated that although the automobile involved was held in joint ownership, her husband was the sole wage earner and had provided all the money for its purchase. She stated, further, that he had exclusive control of the automobile, and that she did not know how to drive.

In *Appelhans v. Kirkwood,* 148 Colo. 92, 365 P.2d 233, we said that the father's ownership of an automobile was sufficient to justify the application of the family car doctrine, even though he did not drive the car, and had been repaid its entire purchase price by his son. Similarly, liability has been imposed on a divorced mother for the negligence of her son, where she held the title, registration and mortgage papers, even though the son had beneficial ownership and was making the payments on the car. *Ferguson v. Hurford,* 132 Colo. 507, 290 P.2d 229. But in each case the defendant was in fact the head of the household.

Lee contends that in *Ferguson, supra,* our allusions to the Uniform Motor Vehicle Act, C.R.S. 1963, 13-7-1, *et seq.,* broadened the scope of responsibility under the family car doctrine to anyone in the family who is the owner of the vehicle involved in an accident. Not so. Our reference to the Uniform Motor Vehicle Act, above cited, was for the purpose of pointing out that under that Act an "owner" was anyone who held legal title and that, therefore, the mother who was the nominal head of the household could not escape liability under the family car doctrine by her proof that the car was entirely paid for by her son.

With the exception of *Boltz v. Bonner,* 95 Colo. 350, 35 P.2d 1015, where the question whether the defendant was the head of the household was not raised, we have in each other case involving the family car doctrine emphasized that the defendant was also the head of the household. The family car doctrine was adopted in Colorado in *Hutchins v. Haffner,* 63 Colo. 365, 167 P. 966, 1918A L.R.A. 1008, where this Court held a husband liable for his wife's negligent operation of a family automobile, "upon the theory that the wife was the husband's agent in carrying out one of the purposes for which the car was purchased and owned." Some years later, we imposed liability on a widow for the negligence of her son. *Boyd v. Close,* 82 Colo. 150, 257 P. 1079. In *Schledewitz v. Consumers Oil Cooperative,* 144 Colo. 518, 357 P.2d 63, the father was held liable for his son's negligence. See also *Morrison v. District Court,* 143 Colo. 514, 355 P.2d 660; *Vick v. Zumwalt,* 130 Colo. 148, 273 P.2d 1010. In each case the defendant was the head of the household.

At least once a plaintiff unsuccessfully attempted to impose liability under the family car doctrine on a defendant who was not the head of the household. In *Greenwood v. Kier,* 125 Colo. 333, 243 P.2d 417, the husband was involved in an accident while he was driving a corporate-owned vehicle. His wife was the president, general manager and owner of one-sixth of the corporation's

outstanding capital stock. In an action brought against the wife, we rejected the plaintiff's intimation that because the husband was unemployed, the wife became the head of the household, and was therefore liable to the plaintiff under the family car doctrine.

In the present case, Lee relies entirely on the fact that Dorothea held the automobile's title jointly with her husband. In our opinion, where the defendant is not the head of the household, bare legal title alone is insufficient to justify the application of the family car doctrine. *Cewe v. Schuminski*, 182 Minn. 126, 233 N.W. 805. In the latter case, the defendant's husband was killed in an automobile accident, along with two of his passengers. An injured third passenger and the administrator of one passenger's estate brought an action against his widow, who held the title to the car and had mortgaged it as security for payment of the purchase price. On appeal, the court stated that the family car doctrine "has been extended to unusual limits ... But none of the cases furnish any justification for further extending it so as to impose liability upon a wife upon the sole ground that legal title to the car was placed in her by her husband." As in the present case, the widow in *Cewe* had neither purchased nor driven the car.

We adhere to the prior decisions of this Court which have limited the application of the family car doctrine to those situations where the defendant was also the head of the household and therefore hold that the trial court did not err in entering summary judgment against the plaintiff in this action.

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.