CARROLL A. MARCUS, APPELLANT, v. JAMES C. EVERETT ET AL., APPELLEES.

239 N. W. 2d 487

Filed March 4, 1976. No. 40072.

Casey & Elworth, for appellant.

Ronald J. Palagi of Shrout, Caporale, Krieger, Christian & Nestle, for appellee Everett.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

There are two questions involved in this appeal, first, whether the District Court erred in granting a motion for summary judgment filed by appellee, James C. Everett, defendant below, and in dismissing said action on the ground that the court did not have jurisdiction of the action brought by appellant Carroll A. Marcus to recover damages for personal injuries; and, second, whether the family purpose doctrine is applicable under the facts of the case. We reverse and remand.

On May 11, 1973, appellant, Carroll A. Marcus, sustained personal injuries when the truck which he was driving was involved in a collision in Douglas County, Nebraska, with an automobile driven by Clarice A. Everett, wife of the appellee, James C. Everett. Clarice was killed in the accident. On or about May 22, 1973, James C. Everett filed a petition for letters of administration for the estate of Clarice A. Everett in the county court of Howard County, Nebraska, and was named administrator of his wife's estate, which was closed on September 19, 1974. It is undisputed that appellant Marcus did not file a claim in that estate for his personal

injuries allegedly incurred in the accident in Douglas County. However, on July 30, 1973, appellant Marcus did file suit in the District Court for Douglas County, Nebraska, against James C. Everett to recover damages for such injuries. In his petition, he alleged, among other things: "That at all times herein the defendant, James C. Everett, was the owner of a 1967 Ford 4 door station wagon bearing 1973 Nebraska license #49-D734, serial number 7P72H167062 and that said car was maintained by the defendant for his use and his family's use, particularly his wife, Clarice A. Everett, who at the time of the hereinafter alleged accident was the operator of said vehicle." Without in any way considering whether the above allegations pleaded facts necessary for the application of the family purpose doctrine, it is clear that appellant's theory of recovery was premised upon the applicability of that doctrine in this case.

In his answer, appellee denied all allegations of negligence, and specifically denied that the vehicle operated by Clarice A. Everett came within the "family use" doctrine. Thereafter, appellee, James C. Everett, filed a motion for summary judgment alleging as grounds therefore: "* * * that the pleadings, together with the Defendant's request for Admissions and Plaintiff's response, demonstrate that this Court has no jurisdiction of the case, nor has Plaintiff alleged a cause of action against the Defendant." Following a hearing on the motion for summary judgment, the District Court for Douglas County sustained appellee's motion for summary judgment and dismissed appellant's action, finding specifically: "I. That Clarice A. Everett, Deceased, was the wife of Defendant James C. Everett. II. That the Estate of Clarice A. Everett was probated in the Howard County Court during the period May 22, 1973 through September 19, 1974, and that no claim was filed by the Plaintiff in said Estate. III. That James C. Everett, Administrator of the Estate of Clarice A.

Everett, is not named as a party defendant nor is said Estate in any other way made a party defendant in this action. IV. That this Court is without jurisdiction in this suit."

Nowhere in its judgment did the court refer to or discuss the applicability of the family purpose doctrine to the facts before it; but it is clear that it based its decision solely and exclusively upon the conclusion that the court had no jurisdiction because of failure of the appellant to first file his claim in the estate of Clarice A. Everett while it was being probated in Howard County, Nebraska.

In support of the action taken by the District Judge, appellee cites section 24-517, R. S. Supp., 1974, and Mueller v. Schacklett, 156 Neb. 881, 58 N. W. 2d 344 (1953), which he cites for the proposition that where exclusive jurisdiction of a subject matter is constitutionally conferred on county courts, and where relief sought in an action instituted in a District Court is such that the county court, under power so conferred, is authorized to grant it, the District Court does not have original jurisdiction of the case. We believe counsel for appellee misconstrues the import of the foregoing authorities. They are not applicable to this case. Appellant Marcus seeks neither to recover against the estate of the deceased, Clarice A. Everett, nor against James C. Everett, in his capacity as administrator of her estate. He seeks recovery only against James C. Everett as an individual, based upon the liability imposed upon him under the law of this state under the family purpose doctrine. That doctrine has its roots in, or at least is similar to, the liability imposed upon a principal or master for the actions of his agent or servant. It is clear that if an agent were driving the automobile of his principal in the course and scope of his employment, and was involved in a collision with a third party, as the result of which the agent died, it would not be necessary for the third party to first file a claim in the estate of the agent in

order to recover for the agent's negligence in an action against the principal only. We think the District Court erred in sustaining appellee's motion for summary judgment and dismissing appellant's action on the ground that it lacked jurisdiction because of appellant's failure to first file his claim in the estate of the deceased. Appellant is entitled to a trial of the merits of his claim against appellee.

We now examine appellant's second assignment of error which is that the trial court erred in holding that the family purpose doctrine was not applicable to this case. As previously noted, the trial court did not specifically rule on this issue in its judgment order, nor is there any reference to, or discussion of, that facet of the case therein. Nevertheless, appellant in his oral argument to this court has urged that we decide this issue to avoid the necessity of another appeal in this case on that issue in the event we remand this case for further proceedings, requiring a resolution of the issue. Under the circumstances, we believe appellant's point is well taken. We shall therefore examine the nature of the family purpose doctrine, both generally and also under the Nebraska decisions, to determine whether that doctrine should be considered in the trial of this case, assuming, of course, that the necessary underlying facts are established to the satisfaction of the trier of facts.

The only evidence before this court is contained in what has been entitled "Partial Bill of Exceptions," covering a hearing held on February 6, 1975, approximately 2½ months after the judgment of dismissal entered by the court on the motion for summary judgment. The exact nature or purpose of the hearing is not clear, but apparently the testimony contained in the record on appeal was from the deposition of James C. Everett, dated October 30, 1973. He testified that he was 67 years of age and a resident of St. Paul, Nebraska, having lived there for a period of 9 years, and

that he operated a liquor store. Before that he and his wife, Clarice, to whom he had been married for 34 years, operated a cafe at West Point, Nebraska. They had three children born to the marriage, all of whom were of age, and also he had an older boy by a previous marriage. His wife, Clarice, worked in the liquor store for approximately 6 to 8 hours a day. She did not have a regular salary but just took what money she wanted. While they had a joint bank account for the liquor store, they also had a separate joint account to which they both contributed. Although he testified that he was the sole owner of the liquor store, he also testified that it was currently licensed in his wife's name because he had had heart attacks 3 years previous and at that time they put the "business" in her name so she could build up her social security. Prior to that time it had been licensed in his name. He further testified that they had two cars, a 1971 Buick Electra and a 1967 Ford, which was the car driven by his wife at the time of the accident. Both cars were registered in both their names as coowner's, and the money for the purchase of the cars came from their joint bank account. He testified that both cars were family automobiles and were used by both him and his wife interchangeably. The money for gas and oil, insurance, taxes, and licenses came out of their joint account. On the morning of the accident, Mrs. Everett had driven to Omaha to visit their daughters, which was a regular occurrence. Mr. Everett had no objection to the trip. He had no personal knowledge as to how the accident occurred.

Appellee contends that because the automobile in question was owned jointly by him and his wife, the family purpose doctrine is not applicable; and the negligence of the driver, his wife, may not be imputed to him. We do not agree.

The family purpose doctrine has been recognized and applied in Nebraska for over 50 years. Stevens v. Luther, 105 Neb. 184, 180 N. W. 87 (1920); Linch v. Dobson,

108 Neb. 632, 188 N. W. 227 (1922). It has been stated, explained, and applied in varying language and under varying circumstances in an unbroken line of cases to the present date. See, for example, Hogg v. MacDonald, 128 Neb. 6, 257 N. W. 274 (1934); Jennings v. Campbell, 142 Neb. 354, 6 N. W. 2d 376 (1942); Piechota v. Rapp, 148 Neb. 442, 27 N. W. 2d 682 (1947); Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130 (1951); Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466 (1955); Christensen v. Rogers, 172 Neb. 31, 108 N. W. 2d 389 (1961); Garska v. Harris, 172 Neb. 339, 109 N. W. 2d 529 (1961); McBroom v. Wolsleger, 180 Neb. 622, 144 N. W. 2d 199 (1966); Schaffer v. Bolz, 181 Neb. 509, 149 N. W. 2d 334 (1967); Forman v. Anderson, 183 Neb. 715, 163 N. W. 2d 894 (1969); Demont v. Mattson, 188 Neb. 277, 196 N. W. 2d 190 (1972). The family purpose doctrine, as developed by Nebraska case law, may be fairly stated to be that where the head of the family purchases, owns, maintains, furnishes, or provides a motor vehicle for the general use, pleasure, and convenience of the family, and a family member is using the car with the express or implied consent or permission of the owner, the negligence of the family member driver is imputed to the head of the family. It is considered that the use of the vehicle for the pleasure and convenience of the family is in furtherance of the purpose of the head of the family in providing it, and under such circumstances it is treated as if it were being used in the conduct of the business of the head of the family. The Nebraska court has not been entirely consistent in its explanation of the basis of the doctrine. Some cases state that the doctrine is a development of the rules applicable to the relation of master and servant and principal and agent, which have been extended to meet a new situation brought about by the common use of the automobile. Linch v. Dobson, *supra;* Hogg v. MacDonald, *supra;* Piechota v. Rapp, *supra;* Lund v. Holbrook, *supra;* Garska v. Harris, *supra.* Other cases have agreed

that the family purpose doctrine is not a restatement of the rules of principal and agent or master and servant, but rather a development from those principles, and that it is based on public policy. Jennings v. Campbell, *supra;* Bartek v. Glasers Provisions Co., Inc., *supra;* Christensen v. Rogers, *supra.* The cases basing the doctrine on public policy do so on the theory that it enables the injured party to reach the most financially responsible individual, the owner or supplier of the vehicle, as opposed to a judgment proof infant or spouse; and also in the belief that the head of the family is generally in a far better position to determine who is competent to drive the vehicle and to control or forbid its use by the members of his family. They point out that the agency rationale is to a large extent a fiction or myth.

Of interest in this connection, is the language in Prosser, Law of Torts (4th Ed.), § 73, pp. 483, 486, as follows: "There is obviously an element of unblushing fiction in this manufactured agency; and it has quite often been recognized, without apology, that the doctrine is an instrument of policy, a transparent device intended to place the liability upon the party most easily held responsible. * * * It clearly is to be regarded as an ingenious fiction, resorted to as a partial and inadequate step in the direction of an ultimate rule which will hold the owner of the car liable in all cases for the negligence of the driver to whom he entrusts it. When such a rule is adopted by statute, the doctrine will have served its purpose, and is to be discarded." See, also, Annotation, 8 A. L. R. 3d 1191. In 1 Harper and James, The Law of Torts, § 8.13, p. 661, it is stated: "It is to be observed that the agency explanation of the 'family car' principle is not very convincing. This, however, in no sense militates against the desirability of the doctrine as a matter of social engineering. The appalling toll of accidents, steadily mounting, affords startling evidence of the hazards due to the use of high-powered motor vehicles. The dangers of the public from

incompetent and financially irresponsible drivers is a menace of such gravity that every precaution is necessary to reduce such perils to the minimum. When a parent provides an automobile for the pleasure and convenience of his family, it is not too much to demand that he insure society against its negligent use for such purposes. He may avail himself of the protection of insurance against such hazards, but he should not be permitted to throw the risk upon the innocent victims of his family's negligence in such an agency as an automobile with which he has provided them."

The Nebraska Supreme Court Committee on Pattern Jury Instructions in the preparation of its book "Nebraska Jury Instructions" (NJI), which instructions have been approved and their use made mandatory by this court, studied and analyzed the Nebraska cases involving the family purpose doctrine, which were available as of the date of the publication of that volume in 1969. The committee prepared a standard jury instruction covering that doctrine, setting forth the requirements for its applicability in NJI No. 7.20. It is clear from the Nebraska cases and from NJI No. 7.20, that to recover under the family purpose doctrine the essential elements which must be proved are (1) that the defendant who is sought to be charged with liability was the head of his family, (2) that he furnished the car for the use and pleasure of his family, (3) that the driver of the automobile was a member of his family and one for whose use or pleasure the car was furnished, and (4) that the driver was, at the time of the accident, using the car for which it was furnished with the authority, expressed or implied, of the head of the family.

Let us now examine each of the foregoing requirements in the light of the evidence now before us in the record of this case, and with full realization that other or different evidence may be presented to the trier of facts in the event of a trial in District Court.

There would seem to be little question that James C.

Everett was the head of his family. Although not always necessarily true as a matter of fact, this court has specifically held that the father is the head of the household as a matter of law. Demont v. Mattson, *supra*. This is logical because the law is well settled in this state that it is the duty of the husband to provide for the reasonable support and maintenance of his wife during the continuance of the marriage relationship. Schalk v. Schalk, 168 Neb. 229, 95 N. W. 2d 545 (1959). Likewise the law is well settled that a father is primarily liable for the support of his minor children, his liability being independent of the assets of the mother. Schneider v. Schneider, 188 Neb. 80, 195 N. W. 2d 227 (1972); Benton v. Benton, 187 Neb. 205, 188 N. W. 2d 685 (1971). Likewise, there would seem to be little question that Clarice, his deceased wife, was a member of his family and one for whose use or pleasure the car was furnished. Also, on the basis of the evidence now before us, the trier of fact might well find that at the time of the accident, Clarice, in visiting their daughters in Omaha, was using the car for the purpose for which it was furnished. In cases of joint ownership by the husband and wife, problems arise in the application of the requirements that the head of the household furnish the car and that the driver be operating the car with the husband's express or implied consent or permission. The automobile driven by Clarice was jointly owned by them, being titled in both of their names as co-owners, and was purchased with funds supplied by both of them. Also, it was maintained from their mutual funds. Under the circumstances, can it be stated that James "furnished" the car for the use and pleasure of Clarice?

Although the evidence indicates that Clarice was a co-owner of the automobile, the fact still remains that James was also. We believe that in contributing the use of his "moiety" in the automobile, he was in fact "furnishing" the automobile to Clarice, a member of his

family. The Comment to NJI No. 7.20, as well as the Nebraska case law, makes it clear that the head of the family sought to be held liable does not even have to be the owner of the car. Likewise, although technically it might be argued that as coowner of the vehicle Clarice was not driving the automobile "with the express or implied consent" of the head of the family, but rather by virtue of her own consent, as coowner, this argument would completely disregard the realities of the situation, and would emphasize form over substance. He could, and apparently did, consent to her driving the automobile as a member of his family, at least so far as ownership was concerned. There would seem to be no rational basis for holding that the family purpose doctrine will apply if the head of the family is the sole owner of the automobile, but not if his wife, in contemplation of law, is part owner. The beneficent purposes of the doctrine would be thwarted by such an over-technical interpretation.

There is a dearth of cases discussing the specific issue whether the doctrine applied to a vehicle jointly owned by husband and wife, and a split of authority exists in the few cases that do discuss it. Although some jurisdictions do not require that the one sought to be charged under the family purpose doctrine be the head of the family, it is clear under the decisions previously cited that it is an indispensible element to recovery under Nebraska law. Our neighboring State of Colorado has the same requirement, and the Supreme Court of Colorado has used it as a basis for denying recovery under its family purpose doctrine where the wife was defendant, and the husband was the driver. In Lee v. Degler, 169 Colo. 226, 454 P. 2d 937 (1969), the Supreme Court of Colorado held that the family car doctrine could not be employed to impose liability on a wife for the alleged negligence of the husband in driving their jointly owned automobile, where the husband was the sole wage earner, had provided all the money for the

purchase of the automobile, and he had exclusive control of the automobile. The wife did not know how to drive the automobile and was not the head of the household. In that case the court specifically ruled that where the defendant is not the head of the household, mere legal title alone is insufficient to justify the application of the family car doctrine. The clear inference is that had she been the head of the household a contrary result would have obtained. In a subsequent case, Suazo v. Black, 477 P. 2d 488 (1970), the Colorado Court of Appeals held that a wife who was coowner of the automobile but who was not shown to have been the head of the household, was not liable under the family car doctrine for injuries negligently inflicted by her husband, the other coowner, while driving the vehicle. In making its decision in that case, the court followed the previous decision by the Supreme Court of Colorado in Lee v. Degler, *supra*. The court also noted in its opinion that the plaintiff did not allege that the defendant was the head of the household.

On the other hand, in Rushing v. Polk, 258 N. C. 256, 128 S. E. 2d 675 (1962), the Supreme Court of North Carolina refused to apply the family purpose doctrine to husband and wife joint owners of an automobile without the proof of actual agency between them, stating that: "Where husband and wife are joint owners of a motor vehicle and are members of the same household, the family purpose doctrine, *nothing else appearing,* does not apply as between them." (Emphasis supplied.) Dictum in an earlier Nebraska case has been cited as indicating an intention not to apply the family purpose doctrine in cases of joint ownership by husband and wife. In Doleman v. Burandt, 160 Neb. 745, 71 N. W. 2d 521 (1955), the court held that: "When an automobile is owned jointly and one of the two co-owners entrusts its use to the other, any negligence of the owner driving the automobile is imputed to the other owner in an action brought by the owners as plaintiffs

against the third party for property damage to the jointly owned automobile." The court stated however: "We adopt this rule only in the above situation where the action is brought by the co-owners as plaintiffs against a third party. It would not necessarily apply in all cases, especially where the co-owners are parties defendant and one owner operating the car. In such a case the question of imputable negligence would still require proof of the relationship of principal and agent, joint enterprise, or some community of interest." We point out, however, that this case did not involve a discussion of the application of the family purpose doctrine, and is not authority for the assertion that the family purpose doctrine would not be applicable if elements other than mere coownership of the vehicle were involved.

The family purpose doctrine was developed as a response to the advent of motor vehicle transportation and the inevitable, numerous, and often serious mishaps resulting from the use of the car. Under that doctrine the injured party is enabled to reach the most financially responsible individual, the owner, as opposed to a judgment proof infant or spouse. We believe the doctrine is applicable to this case and is viable, particularly because of the policy considerations concerning the alleviation of the burden of costs in the aftermath of often traumatic and expensive auto accidents. The strength of the doctrine lies in its use as a policy instrument. The burden of bearing the costs of a driver's negligence is shifted to one who is generally both more able to afford to pay for the results of an accident and also more able to prevent the accident by careful entrustment of the car. The doctrine is humanitarian in design and purpose. We are not unaware of the admonition of Justice Carter in Christensen v. Rogers, *supra,* a case totally dissimilar factually from this case, that: "If the negligent operation of automobiles has become such a menace as to require the imposition of extraordinary

liabilities which exceed the scope of the common-law liability, it is a matter for the Legislature and not the courts." The same argument may well have been made against the original adoption by this court of the family purpose doctrine in Nebraska in 1920. It has proved to be helpful and beneficial, and should be retained, at least until the Legislature should decide to substitute something better to take its place. When and if this state should adopt a statute similar to those adopted in a number of other states, including our neighboring states of Minnesota and Iowa, rendering the owner of a motor vehicle liable for the negligence of anyone operating his vehicle with his permission, express or implied, whether in the business of the owner or otherwise, then the family purpose doctrine will have served its purpose and will no longer be needed. See, Jacobsen v. Daley, 228 Minn. 201, 36 N. W. 2d 711 (1949); McMartin v. Saemisch, 254 Iowa 45, 116 N. W. 2d 491 (1962).

We conclude, therefore, that the family purpose doctrine is applicable and may be applied to the fact situation involved in this case, if the necessary elements of the family purpose doctrine are supported by the evidence. We reverse and remand.

REVERSED AND REMANDED.