DOUGLAS D. RAMSEY, APPELLANT, v. GORDON E. RIMPLEY, ET AL., APPELLEES.

244 N. W. 2d 78

Filed July 14, 1976. No. 40485.

Wightman & Fallesen, for appellant.

Cook, Lubberstedt & Kopf, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This action was brought to recover damages for property and personal injuries sustained in a motorcycle-automobile accident. The District Court sustained the demurrer of the defendant, Edna J. Rimpley, and dismissed the action against her following the plaintiff's

election not to amend his petition. From that decision, the plaintiff appeals. We affirm the judgment of the District Court.

On August 3, 1974, the plaintiff was driving his motorcycle east on U.S. Highway No. 30 near the east edge of Lexington, Nebraska. Simultaneously, the defendant, Gordon E. Rimpley, the sole passenger in his car, was driving north on a private drive. In approaching the intersection with U.S. Highway No. 30, Rimpley failed to yield the right-of-way and negligently collided with the plaintiff's motorcycle. In bringing suit, the plaintiff joined Edna J. Rimpley as a defendant, contending that Gordon E. Rimpley's negligence was imputable to her as coowner of the automobile under the family purpose doctrine. The District Court dismissed the action against Edna J. Rimpley on the ground that the plaintiff failed to allege she was head of the household at the time of the accident, a requisite element under Nebraska's application of the family purpose doctrine. We agree.

Subsequent to the District Court's disposition of the action against Edna J. Rimpley, we had occasion to consider the issue raised here on appeal in Marcus v. Everett, 195 Neb. 518, 239 N. W. 2d 487 (1976). Reflecting on the long line of cases supporting our decision, we stated: "The family purpose doctrine, as developed by Nebraska case law, may be fairly stated to be that where the head of the family purchases, owns, maintains, furnishes, or provides a motor vehicle for the general use, pleasure, and convenience of the family, and a family member is using the car with the express or implied consent or permission of the owner, the negligence of the family member driver is imputed to the *head of the family*." (Emphasis supplied.) Joint ownership of the vehicle is not by itself a sufficient basis for imputing the negligence of a family member. As we held in Marcus, in order to recover under the family purpose doctrine, four essential elements must be proved: "(1) that the defendant who is sought to be charged with liability

was the head of his family, (2) that he furnished the car for the use and pleasure of his family, (3) that the driver of the automobile was a member of his family and one for whose use or pleasure the car was furnished, and (4) that the driver was, at the time of the accident, using the car for which it was furnished with the authority, expressed or implied, of the head of the family."

In the Marcus case we stated in language that requires no interpretation as follows: "Although some jurisdictions do not require that the one sought to be charged under the family purpose doctrine be the head of the family, it is clear under the decisions previously cited that it is an indispensible element to recovery under Nebraska law."

We reaffirm the above declaration in Marcus v. Everett, *supra*, and adhere to our past decisions limiting application of the family purpose doctrine to the head of the household and refuse to extend its reach to the facts presented in this case.

The decision of the District Court is correct and is affirmed.

AFFIRMED.