THOMAS P. LEONARD, APPELLANT, V. DEBRA A. WILSON AND
FRANK BURGHARDT, APPELLEES.

468 N.W.2d 604

Filed May 3, 1991.    No. 88-843.

Frank Meares for appellant.

Joseph Lopez Wilson for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Following a jury trial, plaintiff obtained a judgment against defendant Debra A. Wilson arising out of a motor vehicle accident. However, notwithstanding the absence of any verdict or judgment in the record as to the defendant Frank Burghardt, it is apparent from plaintiff's motion for a new trial that the jury rendered a verdict in favor of defendant Burghardt. Plaintiff appeals and assigns as error (1) failure of the trial court in not directing a verdict in favor of the plaintiff against Burghardt under the family purpose doctrine, (2) failure of the trial court to direct a verdict in favor of the plaintiff against Burghardt on the theory of negligent entrustment, and (3) submission of an erroneous jury instruction. We affirm.

On July 10, 1987, Thomas P. Leonard, the plaintiff, while driving his 1979 Harley-Davidson motorcycle, was involved in a collision with a 1980 Pontiac Sunbird owned by the defendant Frank Burghardt and being driven by his stepdaughter, Debra A. Wilson, in Omaha, Nebraska. There was no real question as to the negligence and liability of the defendant Wilson. The main issue in the case involved the responsibility of defendant Burghardt under the family purpose doctrine.

It is undisputed that Burghardt was the head of the household in which Wilson, a minor, resided. There is also no question that the automobile was maintained for the use, pleasure, and convenience of the members of that household. It was admitted that Wilson had driven this particular automobile on a number of occasions before this accident, but she was only permitted to drive when accompanied by an adult because she had only a learner's permit to drive.

On this particular day, Wilson, with permission of Burghardt, had driven the automobile earlier in the day, accompanied by her sister-in-law, to take the eye examination portion of the driving test, but for some unexplained reason she was not permitted to take the test that day. She and her sister-in-law returned home, and Wilson placed the car keys on the television set.

That night, Wilson took the Sunbird to pick up her boyfriend, and it was during that time that she had the accident. Neither Burghardt nor his wife was home at the time, and

Wilson had received no specific permission from either of them to take the car.

We consider the first two assignments of error together because they both involve the question of permission. The family purpose doctrine is explained as follows:

> [W]here the head of the family purchases, owns, maintains, furnishes, or provides a motor vehicle for the general use, pleasure, and convenience of the family, and a family member is using the car with the express or implied consent or permission of the owner, the negligence of the family member driver is imputed to the head of the family.

*Marcus v. Everett*, 195 Neb. 518, 524, 239 N.W.2d 487, 491 (1976). Accord, *Dunn v. Hemberger*, 230 Neb. 171, 430 N.W.2d 516 (1988); *Kreifels v. Wurtele*, 206 Neb. 491, 293 N.W.2d 407 (1980).

Thus, in order to establish the applicability of the family purpose doctrine, it must be proven that the person sought to be charged with liability was the head of his or her family, that he or she furnished the car for the use and pleasure of the family, that the driver of the vehicle was a member of that family, and that the driver was, at the time of the accident, using the car for the purpose for which it was furnished and with the authority, expressed or implied, of the head of the family. *Marcus v. Everett, supra*.

The first three elements have been admitted or are established without question. However, the evidence does not conclusively establish the final element, that Wilson was driving the automobile with the permission, either expressed or implied, of Burghardt. The evidence directly negates any express permission. The question of implied consent is equivocal; at best it creates a question of fact for the jury.

Where the facts adduced to sustain an issue are such that reasonable minds cannot differ and can draw but one conclusion therefrom, the issue should be decided as a matter of law. See *Horst v. Johnson*, 237 Neb. 155, 465 N.W.2d 461 (1991). In considering the evidence for the purpose of a motion for a directed verdict, the party against whom the motion is made is entitled to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence

which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Horst, supra*. Such was the case here, and the matter was properly submitted to the jury on the issue of permission or authority, which is also a necessary ingredient of the doctrine of negligent entrustment.

Finally, plaintiff complains of a jury instruction. Unfortunately, the record does not contain the instructions given in this case for us to examine. It is incumbent upon the complaining party to present a record which supports the error assigned, and in the absence of such a record establishing the claimed error, the decision of the lower court will be affirmed. *Stoco, Inc. v. Madison's, Inc.*, 235 Neb. 305, 454 N.W.2d 692 (1990); *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990).

The judgment of the district court is affirmed.

AFFIRMED.